# Yost

## *v.*

## Geisler, Adm'r.

(*Supreme Court of Appeals of Virginia, July, 1883.*)

[Virginia Law Journal, 1883, p. 624.]

**Sale of Land—Deficiency in Quantity—Abatement—Rule.***

Where there is a deficiency in the quantity of land sold, the rule of compensation or abatement is according to the average value per acre of the whole tract, unless particular circumstances require a departure from that rule. Blessing's Adm'r *v.* Beatty, 1 Rob. R. 305.

**Same—Case at Bar.**

Y. purchased of M. a tract of land represented to contain two hundred and forty acres, which both believed to be a correct estimate, for $5,000. M. said he thought the tract contained two hundred and fifty acres, and that he must have twenty dollars per acre. The improvements consisted of a modern frame dwelling, and the usual outhouses, with fences, etc. Upon actual survey the land fell short seventy-five acres: *held*:

**Same—By the Acre—Abatement.**

1. This was a sale by the acre, and not in gross, and Y. is entitled to compensation or abatement for the deficiency.

**Same—Same—Same—Case at Bar.**

2. In ascertaining the compensation or abatement, it was error to deduct for the value of the improvements and the fences; these were not circumstances such as require a departure from the general rule.

**Same.**

As to sales by the acre and in gross, and contracts of hazard, see the opinion of the court.

---

*See foot-note to Caldwell *v.* Craig, 21 Gratt. 132 (Va. Rep. Anno.).

1 Va Dec—35

Appeal from circuit court of Washington county.

The facts sufficiently appear in the opinion.

*John A. Campbell*, for appellant.

*Daniel Trigg*, for appellee.

Lacy, J., delivered the opinion of the court.

In the year 1877 Lewis M. Yost, the appellant, purchased of Dr. Jasper N. Mallicote, of Washington county, a tract of land represented by the said vendor to contain two hundred and forty acres, at the price of $5,000, and took possession of the property in the fall of that year, complied with the terms of sale by paying the cash payment and executing his bonds for the deferred payments. Suits were afterwards brought upon these bonds and judgment recovered upon them.

When payment was about to be enforced upon these bonds and judgments, Yost, the purchaser, caused the land to be surveyed and discovered a deficiency in quantity of seventy-five acres, the tract of land turning out, upon actual survey, to contain only one hundred and sixty-five acres. It is conceded on all sides that the deficiency was unknown both to the vendor and vendee at the time of the purchase, and was a mutual mistake. It is clear from the evidence that the vendor, however, by mistake represented to the vendee the land to contain certainly two hundred and forty acres, and said he thought he ought to have twenty dollars an acre for his land ; that he thought the tract contained two hundred and fifty acres, and that he must have $5,000 for the tract of land.

The sale was thus consummated. The only question here before this court is, what is the true measure of compensation for the deficiency in quantity of the land ? The circuit

court adopted the following method of ascertaining the compensation to be paid for the loss : "This is ascertained by estimating the value of the buildings on the premises at the date of the contract and subtracting this value from the $5,000, contract price, and then estimating the price per acre, supposing the tract to contain two hundred and forty acres, based upon the balance of the contract price, after deducting the value of the buildings. The real loss will be the product of the number of acres deficient, into this average price for the land" ; and declared that this mode is warranted by Hoback v. Kilgore, 26 Gratt. and Watson v. Hoy, 28 Gratt.

In the last-named case the judge, who delivered the opinion of the court, says : "Being of opinion, for the reasons stated, that the appellant was entitled to a proper abatement of the balance of the purchase money owing by him, for the deficiency of thirty-four and one-half acres in the quantity of land bought by him, and consequently that the court below erred in dismissing his petition, it only remains to consider what should be allowed him by way of abatement. The rule of compensation or abatement is according to the average value per acre of the whole tract, unless particular circumstances require a departure from that rule"; citing Blessing's Adm'r v. Beatty, a case from the same county of Washington, from which this appeal comes, decided in 1830. The rule there laid down is taken from the last-named case, which is reported in Rob. R., vol. I, 305, and is the correct rule, as will be seen by an inspection of all the reported cases bearing on this subject, which are cited in the opinion in Watson v. Hoy, *supra.*

The essential difference between this rule and the rule laid down by the circuit court is obvious. The circuit court in this case makes the exception the rule. In this case the circuit court says: "The relief, however, ought

not to be the average price per acre. This is the exact measure of damages where land alone is sold. But where land with very valuable buildings is sold, and there is a mere deficiency in quantity of land, but all the buildings are secured, it would be an absurd measure of damages.'' And proceeds to decree upon an estimate of the buildings upon this tract of land at $2,271, when the entire tract of one hundred and sixty-five acres was estimated at a price which brought it below that sum.

The estimate of the buildings as filed in this cause is an illustration of the wisdom of the rule heretofore maintained by this court, and a warning against the new departure taken by the circuit court.

This court, in Watson v. Hoy, *supra*, was of opinion that in that case there were particular circumstances requiring a departure from the rule, on account of bridge privileges and fisheries of great value, and the exceptional character of the elegant mansion at Chatham. But what and where are the exceptional and particular circumstances in this case? A wooden frame house with the usual outbuildings and fences seems to present the most ordinary case which could be stated, and the estimate and deduction of the value of the fences seems to be unprecedented. If the value of the fences on the farm is to be considered, it must have been upon the presumption that the seventy-five acres deficient would have been without fences, which seems to be an unsupported presumption.

The decree of the circuit court is plainly erroneous.

When the parties contract for the payment of a gross sum for a tract or parcel of land upon an estimate of a given quantity, which influences the price agreed to be paid, there is no mistake in the terms of the contract, nor in the application of those terms to the subject ; but the mistake is in an important element of the contract, which, if correctly

understood at the time, would in all probability have pre-
vented the contract from being made, or have varied its
terms.    That such cases required relief in equity is well
established.    The proper relief is to set aside the contract,
or to give a just compensation, such as will place the parties
in the same relative situation in which they would probably
have placed themselves if the true state of the facts had been
known when they made their agreement.

Upon the question of compensation the substantial distinc-
tion is between a sale that is a contract of hazard and one
that is not.    A sale in gross, when applied to the thing sold,
means a sale by the tract without regard to quantity, and
is in that sense a contract of hazard.    Russell v. Keeran, 8
Leigh 19.

In that sense, however, the distinction sometimes taken
between a sale in gross and a sale by the acre is too narrow,
inasmuch as though a sale in gross thus understood is a con-
tract of hazard, a sale by the acre may be so too.    A sale
by the acre at a given sum per acre carries out the intention
of the parties whether they are correct or mistaken in their
estimate of the quantity ; whereas a sale in gross effectuates
their intention only when they are correct as to quantity.
The true ground of relief is as to the mistake of the parties.
For example, when a given sum per acre is not an even quo-
tient of the gross price stipulated it cannot, as has some-
times been supposed, serve to show that the sale is a sale in
gross (understood as a contract of hazard), inasmuch as it
may well have happened, not merely that there was no sale
by the acre, but no estimate of the price per acre which the
gross price would give, and yet the gross sum may have
been influenced by the supposed quantity, by enhancing or
diminishing the value according to an aggregate, and not a
distributive estimate.    See the opinion of Baldwin, Judge,
in Blessing's Adm'r v. Beatty, *supra.*

The question of compensation usually arises, not in sales by the acre, but in sales for a gross sum. The first enquiry is, did the parties make a mistake in their estimate of the quantity which influenced the price? and then whether, notwithstanding the mistake, they have waived their right to compensation by a contract of hazard? The estimate of the quantity should, as a general rule, always be taken to have influenced the price. In the case before us the quantity is not stated in the deed, but the quantity appears to have been, throughout all the negotiations from first to last, matter of discussion, consideration and contract on both sides. For the reasons stated above I think the circuit court erred in the mode adopted in ascertaining the measure of damages. This is a case of a deficiency in quantity within the boundaries of the tract conveyed.

In such a case the general rule of compensation is according to the average value of the whole tract, and there are no peculiar circumstances in this case requiring a departure from that rule. The sale was based upon an estimate of $20 per acre for the whole tract of land, and the deficiency was seventy-five acres. The true abatement is the amount obtained by multiplying these two numbers together, to wit: $1,500, which should be credited on the principal sum still owing by the appellant as of the date when it bears interest.

I am for reversing the decree of the court below and remanding the cause for further proceedings to be had therein in accordance with this opinion.

Reversed.