# Richmond.

## GARNETT V. LOVEN AND ALS.

### APRIL 16TH, 1885.

EQUITABLE JURISDICTION AND RELIEF—*Case at bar.*—Under decree in creditor's bill filed in 1870, the debtor's real estate was sold in parcels. To G. and to L. each, a distinct parcel was sold and conveyed by defined bounds. The suit was dismissed in 1876. Four years afterwards, L. having got possession of thirty-two acres of the parcel conveyed to G., the latter brought unlawful detainer to recover it; and L., without the said suit having been restored to the docket, filed therein against G. his petition, and obtained an injunction restraining proceedings under the unlawful detainer, on the ground that a mistake had been made in the conveyance to him, whereby said thirty-two acres had been omitted from his, L.'s, boundary. G. objected to the filing of the petition, demurred to it, and answered it, denying all fraud, and that L. had got all the land he had bought, and the contrary thereof was not established by L., but the circuit court overruled the objection and demurrer, and decreed that G. should convey to L. the said thirty-two acres. On appeal,

HELD:

1. The objection to the filing of the petition in the cause which had been dismissed, should have been sustained.

2. The demurrer to the petition as an original bill, should have been sustained, as it was without equity, there being no privity between L. and G.

3. If L. had any remedy, it was at law, against the commissioners who made the sale and conveyance to him ; or in chancery, against the creditors of M., who participated in the proceeds of the sales of his lands.

4. Upon the merits, L. had no case, as he did not show that he had not received, apart from the thirty-two acres, as much land as he had bought.

Appeal from circuit court of Caroline county. Opinion states the case.

*E. C. Moncure* and *John S. Wise*, for the appellant.

*W. T. Chandler* and *J. M. Hudgin*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from two decrees of the circuit court of Caroline county, rendered, the one September 10th, 1880, and the other September 14th, 1882, in a chancery proceeding brought in the said court by George Loven against R. B. Garnett and others.

In 1870, certain creditors of T. C. Martin, then deceased, filed their bill against the heirs of the said Martin, to enforce their claims against the real estate of said Martin, consisting of a farm of some eight hundred or more acres of land, lying partly in Caroline county, and partly in King and Queen county. The said real estate of said T. C. Martin, deceased, had been surveyed and divided off into parcels, and partitioned among the children and heirs of the said Martin; and a decree was entered in the suit of Wright and others against Martin's administrator and others, on the 14th of April, 1873, confirming the report of the master commissioner ascertaining the estate and the debts of the deceased, and directing a sale to be made, by commissioners appointed for the purpose, of the said real estate of the said T. C. Martin, deceased.

In execution of said decree, the commissioners of sale, R. O. Peatross and J. M. Hudgin, proceeded to offer to sell at public auction, on the premises, May 24th, 1873, the real estate in the bill and proceedings mentioned, upon the terms provided in said decree: and, in accordance with the wishes of bidders, and that they might the more readily effect sales, they offered the property in lots or parcels, and did, thereby, sell the said land

in detail to sundry and independent bidders: which said sales they reported duly to the circuit court of Caroline, and they were approved and confirmed by the said court; and deeds were executed and delivered by the said commissioners to the said several purchasers of the several and separate parcels of land.

On the 9th day of August, 1875, the said commissioners executed and delivered their deed to R. B. Garnett, in which they recite that "whereas the said R. B. Garnett (who was one of the purchasers at the sale aforesaid) has paid the said commissioners in full for two hundred and eighty and one-half acres, the receipt whereof is hereby acknowledged, before the signing and delivery of this deed; now, therefore, this deed between the said parties, witnesseth that the parties of the first part do hereby grant and convey, with special warranty, unto the party of the second part, all that tract or parcel of land situated in the county of King and Queen, and lying east of the creek below the mill-dam (of Martin's mill) to a point on said creek at which it intersects with that portion of the land allotted to A. M. Handley; and thence, etc., to the starting point—the mill-dam—containing in all two hundred and eighty and one-half acres, *be the same more or less.*"    The said commissioners of sale made their deed on the 9th day of August, 1875, to George Loven, who had purchased at the aforesaid sale, and subsequently, several pieces or parcels of said real estate, in which they recite, that for and in consideration of the sum of fifteen hundred and ten dollars, with interest, paid by the said George Loven to said commissioners, the said parties of the first part hereby grant, sell and convey with special warranty, all their right, title and interest in and to the said three several tracts or parcels of land (including "Martin's mill") aggregating one hundred and eighty-seven acres, *be the same more or less;* said land is situated on both sides of the main road leading from Central Point to New Town, and *west* of the mill-pond and *creek,* and adjoining the land of Willis Pitts and others, it being

*that portion* of Thomas C. Martin's estate *lying in Caroline county.*" At the May term, 1876, of the circuit court of Caroline, this suit of *Wright and others* v. *Martin's administrator and others* was finally disposed of by the following order entered in the cause: "And it further appearing to the court that the costs have all been paid, and the object of the suit obtained, that the same be dismissed."

In February 1880, without any motion, suggestion or order, for reviving or reinstating the aforesaid cause of *Wright, &c.*, v. *Martin's administrator and others* (a creditor's bill, which had been ended, dismissed, and stricken from the docket nearly four years before,) George Loven filed his petition *in the said cause*, praying for an injunction to restrain the said R. B. Garnett from recovering a portion of the land purchased by the said Garnett at the said sale, made as aforesaid, under the proceedings in the said creditor's suit, and for which he had fully paid and obtained and recorded his deed as aforesaid, upon the ground that there was a mistake in his deed, and on the 7th day of February, 1880, an injunction was awarded, to restrain "R. B. Garnett, his agents and attorneys, and all others, from further proceeding in and under a case of unlawful detainer, brought by him against the petitioner, George Loven, in the county court of King & Queen county, until the further order of the circuit court of Caroline."

To the filing of this petition by the said George Loven, the said R. B. Garnett demurred; and he demurred to the said petition and answered. On the 10th day of September, 1880, the cause coming on to be heard upon the said petition, and the demurrer and answer thereto, the court overruled the said demurrer, and treated the petition as an original bill.

On the 14th day of September, 1882, the cause came on for final hearing, upon the papers formerly read in the cause, and upon depositions taken and filed in the papers of the cause; whereupon, the court decreed, that "Reuben B. Garnett make

a deed, with special warranty, conveying to George Loven the thirty-two and one-half acres of land lying south of the Mill creek, in King & Queen county, Virginia; which land was, through mistake, conveyed to R. B. Garnett by Commissioners Hudgin and Peatross, *in this cause.*"

We are of opinion that the circuit court of Caroline erred in overruling the demurrer to the petition, and in treating it as an original bill. It should have been dismissed, for want of equity upon its face. R. B. Garnett was a purchaser of a distinct and separate, and well defined piece or parcel of land, sold by commissioners of the circuit court under decrees rendered in the suit of *Wright & others* v. *Martin, &c.*, which had been ended and dismissed for four years; and the petitioner, George Loven, had no privity or relation, or cause of action against the said R. B. Garnett whatever in that suit, or any equity arising from any proceedings had therein. If he had any whatever, it was against the commissioners of sale in the ended and dismissed chancery suit of *Wright, &c.* v. *Martin, &c.* If he had cause of complaint, his redress was at law against Hudgin and Peatross, commissioners of sale; or in equity, against the creditors of Thomas C. Martin, who had participated in the proceeds of the sale of the said land. The petition and statements in evidence of George Loven, show that the defendant, R. B. Garnett, has, at the least, equal equities in the land in question, and has secured the legal title, by a good and approved and recorded deed from the circuit court; and there is neither fraud nor mistake shown, as between the parties, such as a court of equity should correct, in this proceeding. *Vide, Lea's ex'or* v. *Eidson,* 9 Gratt. 277; *Zost* v. *Mallecote's adm'r,* 77 Va. 610.

In the case at bar, if Garnett has more land within the boundaries of his deed than he has paid for, he should pay for the excess; but the court cannot rescind his contract. Loven is not entitled to receive even the payment for the excess, if any such there be; for he has failed to show that he has not

the full number of acres purchased by him in a different county and on the opposite side of a creek which is a boundary line between two counties, and expressly defined and fixed as the boundary of his land in his deed, and as the boundary of R. B. Garnett's land in his deed—both from the same commissioners of sale. And it is shown by the record, that the said commissioners, J. M. Hudgin and R. O. Peatross, are not parties to this petition, or the proceedings under it; no process has been awarded against them, and they have not answered.

But the evidence does not justify or warrant the decree of September 14th, 1882. There is nothing in the record to show that there is any mistake or deficiency in the quantity of land called for in Loven's deed; he says in his own testimony that he has never had it surveyed; and that he does not know but that he has the full complement called for by his deed on the north or west side of the creek—187 acres. His deed expressly defines that his purchases lay *on the west side of the creek, and in Caroline county;* and the record shows that he not only did not buy any land on the east, or King & Queen side of the creek; but that he expressly said that he did not wish to buy any on that side; and urged R. B. Garnett to buy it all up to the creek on that side.

The evidence shows that when Garnett bought the strip of 32½ acres of land in question, it was overflowed, and was a quagmire, which could not be drained, except (as was done by Garnett's inducement with his brother and nephew, who owned the land adjoining below on the same side of the creek,) by costly and extensive ditching and draining of the land below, to render even possible the ditching and draining of this piece above. The answer denies all fraud or deception by Garnett in negotiating for the said slip of land, partly under water and overgrown with swamp bushes to such an extent that it was mere conjecture and guess as to the number of acres it might be.

The decrees of the circuit court complained of are erroneous and must be reversed and annulled. And this court, proceeding to render such decree as the circuit court of Caroline ought to have rendered, it is ordered, that the petition filed and treated as an original bill in this cause be dismissed, with costs to the defendant in the court below; and that the injunction awarded upon the said petition be dissolved, with costs.

DECREE REVERSED.