## ADAMS *et al. v.* WHITE.

1. The evidence authorized the finding of the jury that the plaintiffs were entitled to a reformation of the bond for title, as prayed for in their equitable petition.
2. Where land is sold by the acre, generally an apportionment for a deficiency is to be made proportionally to the number of acres in the deficiency. And under the evidence this case falls within the general rule.
3. It follows from the foregoing ruling that evidence tending to show that certain portions of the land were more valuable than other portions was irrelevant and immaterial, and should not have been admitted over objections duly made.
4. The court erred in giving instructions which authorized the jury, in case they found the sale of the land was by the acre at a fixed price per acre, to make any other reduction than one proportionally to the deficiency in acreage.
5. The court did not err in refusing, on motion of the plaintiffs, "to correct and amend the verdict by striking therefrom the finding that the purchase-price of the land be abated in the sum of $1,000, and inserting in lieu thereof that the purchase-price be abated in the sum of $1,376," and to amend the verdict in certain other respects.
6. The court did not err in refusing to direct a verdict for the defendant.

JUNE 13, 1912.

Equitable petition. Before Judge Roan. Newton superior court. July 8, 1911.

*F. C. Foster,* for plaintiffs. *Rogers & Knox,* for defendant.

BECK, J. E. H. Adams et al. brought their equitable petition against Hugh White, seeking to reform a bond for title to 42 acres of land, "more or less," made by White to petitioners, so as to make the bond show that it was an obligation to convey 42 acres of land by the acre at $100 per acre, and not a sale of the land by the tract, as it appeared by the terms of the bond. Petitioners prayed for an abatement of the purchase-price of the land, and a reduction from the amount of certain promissory notes given therefor, on account of a deficiency of 13 & 76/100 acres in the tract

sold, and to enjoin against certain suits of White against petitioners on the notes, then pending in the city court of Covington. White answered, denying petitioners' right to a reformation of the bond for title, and insisting that the land had been sold by the tract, and that petitioners were not entitled to a reduction in the purchase-price in proportion to the deficiency in the number of acres of land. By way of cross-action White prayed for a judgment and decree against the plaintiffs for the full amount of principal, interest, and attorney's fees due on the notes. The alleged deficiency in acreage was admitted. At the conclusion of the introduction of evidence, the defendant moved that the court direct a verdict in his favor for the full amount of the notes, and against reformation of the bond for title. The motion was denied. Specific questions were submitted by the court to the jury, and in answer to these questions the jury found, in effect, that the contract between White and petitioners was for a sale of the land by the acre, and not by the tract; that there was a mutual mistake in drawing the bond for title, which showed that the sale was by the tract; that the sum of $1,000 should be deducted from the amount of the notes; and that White should recover of the plaintiffs $1,415.19 principal, $365.52 interest, and $141.80 attorney's fees. The court thereupon entered a decree accordingly. The plaintiffs moved to amend the verdict by striking the finding that the purchase-price of the land be abated in the sum of $1,000, and inserting in lieu thereof that the purchase-price be abated in the sum of $1,376, on the ground, that, the jury having found that the sale was by the acre at $100 per acre, the bond for title should be so reformed as to express a sale at $100 per acre, and, it being admitted in the pleadings that there was a deficiency of 13 & 76/100 acres, it followed as a matter of law that the deficiency in acreage should be apportioned and the purchase-price abated at the rate of $100 per acre; and that there should be a corresponding reduction in the amount of principal, interest, and attorney's fees recovered, and that the costs should be equitably apportioned between the parties according to this finding. The plaintiffs also filed their motion for a new trial upon the general grounds and certain special grounds. The court overruled both motions, and the plaintiffs excepted. The defendant took a cross-bill of exceptions.

1. The evidence was sufficient to authorize the finding of the jury in favor of the petitioners, that the sale of the land was by the acre at the price of $100 per acre, and that the bond for title should be reformed as prayed.

2. Having found that the sale of the land was by the acre and not by the tract, it follows that the plaintiffs were entitled to a reduction from the purchase-price of an amount proportional to the deficiency in the acreage at the rate of $100 per acre. In the case of *Kendall* v. *Wells,* 126 *Ga.* 343, 352 (55 S. E. 41), it was said: "If land is sold by the acre, generally an apportionment for a deficiency is to be made proportionally to the number of acres in the deficiency. Yost *v.* Mollicott's admr., 77 Va. 610. But there are exceptional cases where it is otherwise." And the defendant in error in the main bill of exceptions insists that the present case is one of the exceptional cases, and cites, among other authorities, to support this contention, the case of *White* v. *Adams, 7 Ga. App.* 765 (68 S. E. 271). This case is cited both as authority that cases like the present are to be classed as exceptional cases, and to show that this is an adjudication binding upon the parties,—that it is one of the exceptional cases where the abatement of the purchase-price should not be calculated "by mere comparison with the number of acres described in the bond for title with the admitted deficiency." We do not think that this is an adjudication binding upon the parties in the trial of the case in the superior court, made by the petition to reform the bond for title and the answer and the cross-petition filed in the equitable proceeding. The ruling in the Court of Appeals was based upon the status of the case as made under the strictly common-law proceeding in the city court, as modified by the admissions and concessions of the parties—where the plaintiff was clearly entitled to a verdict for the full amount of the notes for the purchase-money—"that the plaintiff was willing to allow a fair abatement of the purchase-price." In the equitable proceeding with which we are now dealing, the petitioners, who were the defendants in the suit at law in the city court, based upon the notes for the purchase-money, became the plaintiffs and insisted upon their right to have the bond for title so reformed as to show that the land was sold by the acre, and to have an abatement made proportionally to the deficiency in the acreage. Nor can we agree with our able brethren of the Court of Appeals in

the conclusion reached and broadly stated, that this was such an exceptional case as took it out of the general rule stated above, that, "if land is sold by the acre, generally an apportionment for a deficiency is to be made proportionally to the number of acres in the deficiency." If this had been a sale of land by the tract and not by the acre, and there had been a failure of title to any part of the tract sold, and that portion to which there was a failure of title had been more valuable on account of improvements upon it, or valuable mineral deposits, or because of a water-power upon it, or was of greater value in proportion to acreage than the remainder of the tract because of similar facts to those enumerated, the purchaser would be entitled to an abatement of the purchase-price in proportion to the value of that part of the land which he did not obtain under the contract of purchase and sale because of such failure of title. But where there is no failure of title to any portion of the tract of land sold, and where the purchaser obtains the entire tract purchased and included in the boundaries by which it was described, and the land was sold at a fixed price per acre, there can be no deduction from the purchase-price other than proportionally to the deficiency in acreage. It is impossible to conceive of any rule by which the jury in a case like the present, if instructed in the charge of the court to make "a fair abatement of the purchase-price," would be guided. It is true that it appears from the evidence that that portion of the land immediately on Poplar street, because of its availability for building purposes, was worth more than other portions of the land. But from what part of the land could the jury deduct the 13 & 76/100 acres, the amount of the shortage, from the tract of land sold? Could they say that the shortage was on that part of the tract most remote from the street, or that the shortage was in the centre of the tract, or that it was on either one of the two sides of the tract? Manifestly not. This case is one in which the general rule of an abatement of the purchase-price proportionally to the deficiency in acreage should be applied.

3. It follows from what we have said above, that evidence tending to show that certain portions of the land were more valuable than other portions was irrelevant and immaterial and should not have been admitted over objections duly made. If the sale was by the tract, the vendor would have been entitled to recover the

entire amount of the purchase-money as represented by the pur-
chase-money notes; but if by the acre, as the jury found to be the
truth of the case, then the reduction should have been propor-
tionally to the deficiency in acreage.

4. It was error for the court to charge the jury that "if they
found that the land was sold by the acre, they could answer 'how
much abatement should be made from the sum of $4,200 on that
account, if any.'" For if, as we have ruled above, the sale was
by the acre, the jury should have been instructed that they should
make a reduction in the amount represented by the purchase-money
notes proportionally to the deficiency in acreage.

5. The court did not err in refusing, on motion of the plain-
tiffs, "to correct and amend the verdict by striking therefrom the
finding that the purchase-price of the land be abated in the sum of
$1,000, and inserting in lieu thereof that the purchase-price be
abated in the sum of $1,376," and to amend the verdict in certain
other respects. While the jury's verdict fixing the amount of the
abatement from the purchase-price of the land was inconsistent
with their finding that the sale of the land was by the acre, we do
not think the court was authorized to amend the verdict and fix
a different amount, and thus allow the plaintiffs a greater amount
as a reduction from the amount of the purchase-money than that
which the jury had determined should be a proper amount of re-
duction.

The other exceptions to the court's rulings are without merit.

6. The court did not err in refusing to direct a verdict upon
the defendant's motion therefor.

*Judgment reversed on the main bill of exceptions, and affirmed
on the cross-bill. All the Justices concur.*