37041.   HARLEY, by Next Friend *v.* GENERAL MOTORS CORPORATION *et al.*

DECIDED MARCH 19, 1958.

350

*Walton Hardin, Randall Evans, Jr.,* for plaintiff in error.

*Howell C. Erwin, Clement E. Sutton, Erwin, Nix, Birchmore & Epting,* contra.

FELTON, Chief Judge. ■ The gist of the action as to General Motors Corporation is that General Motors was negligent in manufacturing and causing to be sold a machine containing a latent defect which rendered the machine dangerous when operated. A latent defect is one which could not be discovered by the purchaser, user or injured party by the exercise of ordinary

care. By its very nature a latent defect ceases to be latent when it is discovered. In order to recover under the theory of law relied on by the plaintiff here, the injury sued for must have occurred while the defect was still latent. In the instant case, the plaintiff's father discovered the defective condition of the accelerator rod before it had caused any injury and at the discovery thereof, the defective condition of the accelerator rod ceased to be a latent defect. Once the defect was discovered and the dangerous condition of the defective machine became apparent, that discovery insulated the manufacturer from any damages resulting from its manufacture of a latently defective machine. Upon discovery of the defect, the father took the automobile to the defendant Walton Pontiac Company for the purpose of having the defect repaired and corrected and Walton Pontiac Company returned the automobile to the father representing that the defect had been corrected and repaired. The plaintiff's injuries occurred subsequently; therefore, those injuries were not proximately caused by any negligence of General Motors Corporation in manufacturing a latently defective automobile but by the negligence, if any, of Walton Pontiac Company in failing to repair the defect.

It does not appear that in its attempt to correct the defect at the 2,000-mile check-up Walton Pontiac Company was acting as the agent of General Motors Corporation since the allegations relating to the relationship between General Motors Corporation and Walton Pontiac Company are as consistent with the relationship of independent contractor as they are with principal and agent. The case of *J. C. Lewis Motor Co.* v. *Williams, 85 Ga. App.* 538 (69 S. E. 2d 816) is not applicable here. In that case it was alleged that the plaintiff and her husband did not know that the defect in the tractor rendered it dangerous to operate, whereas in the instant case, it is alleged that the defect in the automobile obviously rendered the automobile dangerous to operate.

■ The plaintiff in error excepts to the judgment sustaining the special demurrers of the defendant Walton Pontiac Company to paragraphs 11, 12, 17, 26, 27, 28(a) and 28(b) of the petition and striking these paragraphs. Paragraphs 11, 17, 28(a) and 28(b) were specially demurred to on the grounds that they

showed a misjoinder of causes of action; paragraphs 28(a) and 28(b) were further specially demurred to on the ground that the allegations were relying on a breach of warranty rather than a tort action. These paragraphs were not subject to special demurrer on these grounds. Paragraph 17 of the petition was further specially demurred to on the ground that that paragraph referred to the latent defect in the automobile existing at the time of its manufacture and delivered to Walton Pontiac Company, and it was further alleged in paragraph 19 that this defect was discovered by the plaintiff's father and thereby ceased to be a latent defect, and therefore the allegations in paragraph 17 are inconsistent with the allegations in paragraph 19 of the petition. This special demurrer is without merit on the reasons assigned, because at the time referred to in paragraph 17, the defect had not been discovered and was truly a latent defect under the allegations.

Paragraphs 12, 26 and 27 were not specially demurred to. The defendant Walton Pontiac Company contends that these paragraphs were subject to that part of his special demurrers which stated "as well as other allegations in said petition [that] allege that the damages incurred by the plaintiff were due to a latent defect in the construction of the automobile sold to plaintiff's father." A special demurrer is a critic and must be specific and the defendant cannot by a "catch-all" special demurrer phrased generally reach numerous alleged defects appearing throughout the entire petition.

The court did not err in sustaining the general demurrer of the defendant General Motors Corporation and in dismissing the action as to that defendant.

The court erred in sustaining the special demurrers of the defendant Walton Pontiac Company and in striking the paragraphs referred to in the opinion.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*