39134.   ELROD v. KING *et al.*

DECIDED DECEMBER 5, 1961.

*Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan,* for Elrod.

*Hardin, McCamy, Minor & Vining, Carlton McCamy,* for King.

*Matthews, Maddox, Walton & Smith, John W. Maddox, Oscar M. Smith,* for Minneapolis-Honeywell Regulator Co.

*Parker, Clary & Kent, Horace T. Clary,* for York Corporation.

BELL, Judge. ■ In the amended petition it was charged, "The defendant Mechanical Service Company had *actual knowledge* after installation that the blower control system was not functioning in a usual and proper manner, and *in spite of such knowledge it failed* and neglected *to either correct* said malfunction or to *warn the plaintiff of the danger thereof."* (Emphasis added.)

The defendants York Corporation and Minneapolis-Honeywell Regulator Co. contend that, construing the petition against the pleader on general demurrer, it clearly appears that the direct and proximate cause of the damage to the house was the intervening act of a separate agency.

While generally the failure of a retailer or other person to inspect or discover a latent defect is not such an intervening cause as will break the chain of causation, the rule in Georgia is that where a latent defect is charged in a manufactured item but the defect is discovered later by one under a duty to repair the defect or give warning of it, this discovery will insulate the manufacturer from any damages resulting from its manufacture of a latently defective machine. *Harley v. General Motors Corp.,* 97 Ga. App. 348 (1) (103 SE2d 191).

Construing the petition most strongly against the pleader, as we must on general demurrer, it appears clear that the latent defects in the manufacture and assembly of the respective components, as charged against each of the defendant manufacturers, were discovered by the third defendant who installed it.

■

Under the authority of the *Harley* case this discovery insulated each of the manufacturers from any damages resulting from the latently defective mechanisms, and the proximate cause of the plaintiff's damages was the alleged negligence of the installer in failing to give warning to the plaintiff or to correct the deficiencies.

It follows that the trial court properly sustained the general demurrers of the defendants York Corporation and the Minneapolis-Honeywell Regulator Co.

This ruling renders it unnecessary to consider the various assignments of error on the sustaining of special demurrers of these two defendants.

■ We next consider the assignments of error which object to the trial court's order sustaining special demurrers 5 and 6 of the defendant King.

Special demurrer 5 moved to strike the allegations of the petition which stated that the fire "had its beginning in a malfunction and defect in the blower control system," on the ground that this was a conclusion of the pleader without any facts being alleged in the paragraph or elsewhere in the complaint upon which to base the charge, it not being alleged how or in what manner the defect occurred or what the alleged malfunction was, and the specific malfunction urged not being specified with any particularity. Special demurrer 6 on similar grounds objected to language in the petition charging that the blower system ceased to work "as a direct result of said malfunction in the blower control system" causing the furnace to overheat.

This defendant (King) is charged with installing a furnace with a defective blower control, a defective control mechanism, a defective regulator, and a defective safety switch. While these defects are not otherwise identified or described, other portions of the petition set forth the results which these alleged defects produced.

The sustaining of these demurrers raises the question as to the degree of definiteness with which a plaintiff must plead the deficiencies in a mechanical contrivance allegedly defective, which malfunctioned and set in motion a chain of events which

caused damage to the plaintiff's property. Confronted with similar problems, numerous cases have reiterated that the question is to be resolved by the application of the rule of "reasonable definiteness and certainty."

In *Womack v. Central Ga. Gas. Co.*, 85 Ga. App. 799 (70 SE2d 398), the action was brought for the damage caused to the plaintiff's building as a result of a gas explosion. Exceptions were taken to a judgment overruling special demurrers to the original petition as to the allegations of negligence on the ground that the plaintiff did not specify with sufficient certainty how the heating equipment and pipes were defective, how the gas escaped, which heater it escaped from, and in what way the action of the defendant in supplying gas to the premises resulted in the explosion. In holding that these special demurrers were properly overruled as the facts were alleged with reasonable definiteness and certainty, the court stated that, ". . . it was impossible for the plaintiff or any other person to know with precise accuracy at what exact spot in the installation the leak occurred. The plaintiff was not an expert in these matters, and he alleged that the defendant's agents, who were experts, had spent the previous day on the premises searching for the leak and had been unable to find it. He further alleged that there was an escape of gas from the defendant's installations. Reasonable definiteness and certainty are all that is required . . ." P. 806. And see *Charleston & Western Carolina Ry. Co. v. Attaway*, 7 Ga. App. 231 (2a) (66 SE 548); *Atlantic Coast Line R. Co. v. Davis*, 5 Ga. App. 214 (1), 217 (62 SE 1022); *Hubbard v. Macon Ry. & Light Co.*, 5 Ga. App. 223 (62 SE 1018); *Green v. Babcock Bros. Lumber Co.*, 130 Ga. 469 (4) (60 SE 1062); and *Georgia Ry. & Elec. Co. v. Reeves*, 123 Ga. 697, 702 (51 SE 610).

In obedience to the cited precedents, and considering the complex nature of the control machinery in or connected to a gas furnace, we think the allegations describing the results which an allegedly defective furnace and its controls produced were pleaded with reasonable definiteness and certainty as against special demurrer.

The trial judge erred in sustaining special demurrers 5 and 6 of the defendant King.

■ The defendant King's special demurrers 12 and 13 attacked, respectively, allegations of the petition that this defendant was negligent in using insulation material having an inflammable nature, and negligent in failing to use non-inflammable insulation material in connection with the installation of the furnace. The demurrers urge that these allegations are mere conclusions of the pleader in that it was not alleged that the defendant was under any contractual obligation or legal duty to the plaintiff to use any type of insulating material other than that actually used.

This court has stated that: "Over and beyond the obligation in contracts, it is fundamental that every person owes a duty to exercise ordinary care not to supply by sale, lease, etc., a thing, instrumentality, or building which is so defectively constructed or conditioned as to be imminently dangerous to the person to whom supplied . . ." *Kuhr Bros. v. Spahos,* 89 Ga. App. 885, 888 (81 SE2d 491).

The allegations respecting the failure to use non-inflammable materials as insulation on the furnace, and the installation of inflammable insulation, properly charged a duty and its breach, and constituted an accusation of negligence.

If the defendant's contract did indeed authorize him to install the specific materials used, this would be a matter for him to plead or to show in defense of his action, and not for the plaintiff to negate in his petition.

The trial court erred in sustaining the defendant King's special demurrers 12 and 13.

■ Special demurrer 14 of the defendant King attacked two subparagraphs of the petition on the ground that they were duplicitous and multifarious. The language objected to in these subparagraphs was to the effect that the defendant (1) "installed said furnace and then failed to properly test the operation thereof to determine whether said furnace would operate in a safe and normal manner," and (2) "the defendant . . . had actual knowledge after installation that the blower control system was not functioning in a usual and proper manner. . ." The demurrer urges duplicity in that the allegations are "inconsistent and set up two separate and distinct grounds of recovery in one single count." The special demurrer accuses these sub-

paragraphs, which form a part of one paragraph, of being both duplicitous and multifarious.

The subparagraphs are not duplicitous on the basis challenged, as the duplicity charged embraces the idea of more than one *ground* of recovery. While different *facts* are charged here, they both relate to negligence and the recovery of the damages claimed is based upon negligence. In *Phillips v. Hightower*, 190 Ga. 785, 789 (1) (10 SE2d 854), the Supreme Court, after quoting definitions of duplicity, stated, "they should not be taken to mean that the mere diversity of facts set up in a count will render it double when all the facts taken together tend to the statement of one point or ground of recovery."

The subparagraphs are clearly not multifarious, since the charges each makes relate only to the defendant King, and to none of the other defendants. Multifariousness arises where a petition embraces two or more distinct subjects—several distinct and separate matters relating to individuals with whom the objecting defendant has no connection or concern. *City Bank of Macon v. Bartlett*, 71 Ga. 797.

The trial court erred in sustaining special demurrer 14 of the defendant King.

■ King, d/b/a Mechanical Service Co., was charged in the petition, inter alia, with installing the furnace with defective blower controls, control mechanism, regulator, and safety switch; in failing to test these mechanisms to determine whether or not they would properly operate the furnace; in using insulation material having an inflammable nature; in failing to use non-inflammable insulation material in connection with the installation of this furnace; in failing to correct the malfunctions in the blower system after having received actual knowledge that it was not functioning properly; and in failing to warn the plaintiff of the dangers involved in the malfunction after the defendant had actual knowledge of it. These allegations, coupled with others in the petition, sufficiently state a cause of action sounding in negligence against the defendant King.

*The judgment is affirmed as to the defendants York Corporation and Minneapolis-Honeywell Regulator Co., but reversed as to the defendant King, d/b/a Mechanical Service Co. Felton, C. J., and Hall, J., concur.*