## 51486, 51487. FORD MOTOR COMPANY v. LEE; and vice versa.

EVANS, Judge.

This is a personal injury-products liability case. Mrs. Thelma H. Lee purchased a 1971 Ford Maverick automobile from a franchise dealer as a new car pursuant to a written warranty. On a cold morning in March, Mrs. Lee, prior to getting dressed and going to work, decided to start her automobile and let it warm up by idling. At this time the vehicle was still within the period of the warranty. The vehicle had an automatic transmission. Mrs. Lee attempted to start the vehicle with one leg in the vehicle and one leg out of the vehicle, while it was in "park." She turned on the ignition, stepped on the accelerator, a loud roar occurred, and the vehicle immediately jumped forward without warning, proceeded down the street and ultimately collided with another vehicle, and Mrs. Lee was injured.

Mrs. Lee sued the dealer and the manufacturer in four counts based upon negligence in manufacture and failure to discover the defect as a cause of the collision in Count 1. Count 2 alleged a breach of warranty in selling a vehicle with the defects alleged. Count 3 was premised upon the failure to properly design the faulty mechanism and in designing a vehicle which would permit same to be

started in an "unlocked park" position. Other parts of Counts 3 and 4 involving the dealer are no longer relevant here since the dealer is no longer a party.

A covenant not to sue was executed by Mrs. Lee, the plaintiff, with Fireman's Fund Insurance Companies and the dealer, defendant, for the sum of $17,500.

Thereafter, the case proceeded to trial against the manufacturer, resulting in a verdict of $30,000 in favor of the plaintiff. Judgment was rendered by the court, but first the sum of $17,500 was subtracted, leaving a balance against Ford Motor Company, defendant, for only $12,500.

Ford Motor Company filed a motion for judgment notwithstanding the verdict and in the alternative for new trial, which was denied. Defendant appeals in case No. 51486, and plaintiff cross appeals in case No. 51487. *Held:*

1. The maker of an article for sale or use by others must use reasonable care and skill in designing it and providing specifications for it so that it is reasonably safe for the purposes for which it is intended, and for other uses which are foreseeably probable. *Friend v. General Motors Corp.,* 118 Ga. App. 763, 764 (165 SE2d 734).

2. A manufacturer who sells or releases a vehicle into the stream of commerce, knowing that it is likely to be resold or used by others than the buyer, will be held liable for an injury caused by a defect which might be discovered by reasonable inspection by the manufacturer. *Washburn Storage Co. v. General Motors Corp.,* 90 Ga. App. 380 (3) (83 SE2d 26); *Griffith v. Chevrolet Motor Division,* 105 Ga. App. 588 (1) (125 SE2d 525); *J. C. Lewis Motor Co. v. Simmons,* 128 Ga. App. 113, 114 (195 SE2d 781).

3. In an action predicated on a breach of warranty, there is no defense per se of contributory negligence, but such defense presents a jury question as to whether the injuries resulted from the breach. *Jacobs Pharmacy Co. v. Gipson,* 116 Ga. App. 760, 762 (159 SE2d 171); *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471, 474 (191 SE2d 110).

4. While ordinarily under Code Ann. § 109A-2—314 (see also § 109A-2—318), and *Chaffin v. Atlanta Coca Cola &c. Co.,* 127 Ga. App. 619 (194 SE2d 513), there is no im-

plied warranty existing between a manufacturer and the purchaser of an automobile when there is no privity between the two, yet where an automobile manufacturer, through its authorized dealer, issues to a purchaser a warranty by the manufacturer to said purchaser, the implied warranty statute becomes operative. *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435, 437 (1) (208 SE2d 321). Here written warranty was admitted into evidence as an exhibit. See also *Friend v. General Motors Corp.,* 118 Ga. App. 763, 764, supra; *Washburn Storage Co. v. General Motors Corp.,* 90 Ga. App. 380, 384 (2), supra. There is no merit in defendant's contention that no direct warranty by the defendant was shown to be applicable to the defect which plaintiff alleges caused her injury.

5. Defendant argues there were other intervening acts which were the proximate cause of plaintiff's injuries, and that she had knowledge of the car previously "jumping out of gear."

The evidence does not disclose that any latent defect of the car, in that it "jumped in gear" was discovered and repaired by the plaintiff. The plaintiff testified that "it jumped out of gear," but subsequent questioning shows that she meant jumping into gear. This testimony also shows that she was at a service station at the time and she was advised to immediately take it to the dealer, which she did, and was advised by the dealer that there was nothing wrong with the car after they had examined it out of her presence. This evidence is totally insufficient, as a matter of law, to show the defendant had knowledge of any latent defect which existed in the automobile at that time.

But even if plaintiff knew of a defect, "jumping in gear," and the danger it presented, this would have been a jury question for determination as to whether or not she "proceeded unreasonably to use the product." *Center Chemical Co. v. Parzini,* 234 Ga. 868, 871 (218 SE2d 580); *Parzini v. Center Chemical Co.,* 136 Ga. App. 396. The jury could have found, and apparently did so, that her actions in seeking to discover what was wrong with the car were reasonable and did not amount to acts constituting an assumption of the risk, as a matter of law, in continuing to

drive the car. The case of *Harley v. General Motors Corp.*, 97 Ga. App. 348 (1), 351 (103 SE2d 191) is not applicable here. Under products liability tort law as to the manufacturer, this case no longer obtains and must yield to the new test as follows: (1) Was there a defect? (2) Did the user know of the defect? (3) Was the use of the product, in view of the knowledge, reasonable? Assumption of the risk and not contributory negligence is applicable in such a case. See *Parzini v. Center Chemical Co.*, 136 Ga. App. 396, supra.

The testimony discloses not merely one reason for the car "jumping in gear," but that it could have been caused by various and sundry reasons, resulting from other possible latent defects as shown by the accident reconstruction expert witness whose testimony included the following reasons therefor, to wit; (1) Idling unnecessarily at a high rate of speed. (2) Traveling at a speed of 35 miles per hour without depressing the accelerator. (3) Engine would start with transmission in park, transmission selection in park, but transmission lever not in locked position. (4) Linkage out of adjustment. (5) Unusual rotation of engine in starting. (6) Force of starting the car, rotation of engine, and racing of engine could cause selector lever to tumble into drive. The expert witness testified that the resulting deficiencies, if it creates a dangerous and inoperative situation, would be considered as design deficiencies. There is no merit in this complaint.

6. The evidence here was sufficient to support the verdict in favor of the plaintiff. *Yale & Towne, Inc. v. Sharpe*, 118 Ga. App. 480, 492 (164 SE2d 318). See also *Griffith v. Chevrolet Motor Division*, 105 Ga. App. 588, 593, supra.

7. A direction of verdict is proper only where there is no conflict in the evidence as to any material issue; and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. *State Farm &c. Ins. Co. v. Snyder*, 125 Ga. App. 352 (187 SE2d 878); *Isom v. Schettino*, 129 Ga. App. 73, 74 (1) (199 SE2d 89); *Gordon v. Carter*, 126 Ga. App. 343, 344 (1) (190 SE2d 570); *Kesler v. Kesler*, 219 Ga. 592 (1) (134 SE2d 811).

8. Defendant's contention that the covenant not to

sue, given to defendant-dealer amounted to a release, is not meritorious. While Code Ann. § 20-909 provides that a covenant never to sue is equivalent to a release, this statute applies to the parties with whom the covenant is made and not to another tortfeasor. A covenant not to sue one tortfeasor will not bar actions against another tortfeasor. *Gordon County v. Cochran,* 103 Ga. App. 412 (2) (119 SE2d 368); *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (1) (173 SE2d 103); *Gilmore v. Fulton-DeKalb Hosp. Auth.,* 132 Ga. App. 879 (209 SE2d 676); *Grizzard v. Davis,* 131 Ga. App. 577, 580 (3,4) (206 SE2d 853); *Glover v. Southern Bell Tel. &c. Co.,* 229 Ga. 874 (195 SE2d 11).

9. There was no affirmative defense of accord and satisfaction filed in this case under Code § 81A-108 (c); hence, there is no merit in defendant's contention as to accord and satisfaction. See Code Ann. § 105-1901; *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (1), supra.

10. During the course of the trial, defendant introduced a covenant not to sue, executed by plaintiff, which showed that plaintiff had already recovered and collected something on her injuries and damages from dealer. The court never did instruct the jury, nor in any way apprise them that the jury's verdict was to be reduced by the amount already received by plaintiff under the aforementioned covenant not to sue. Perhaps it would have done no damage or wrong to plaintiff if the court had plainly instructed the jury that the amount of their verdict, if in plaintiff's favor, would be reduced by the amount plaintiff had already received. In such case, the jury would have had the opportunity and might have rendered a verdict for a larger sum of money than actually was rendered.

But for the jury to render a verdict in ignorance of the fact that it was to be reduced, and for the judge to subtract from the jury's verdict the amount already paid to plaintiff under the covenant not to sue, was definitely to the disadvantage of plaintiff and was erroneous.

It is true that a plaintiff is entitled to but one satisfaction of the claim. *A. C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (60 SE2d 770). He is also entitled to be compensated *from the defendant* he sues up to the full liability of the defendant. The defendant could have

pleaded the amount of the covenant not to sue as a defense and then requested a charge that the jury should determine the total amount of compensation due the plaintiff and deduct from it the amount already received, but no such charge was requested or given. The court said: "The matter of a payment to the plaintiff of any amount and the dismissal of that party from this action is not a matter for the consideration of the jury. If you find the defendant Ford Motor Company liable in this matter, you are to determine. . . the amount of damages to which the plaintiff would be entitled without consideration of the amount previously paid to the plaintiff." This could well have meant to the jury that it should find the amount of damages *owed by Ford,* regardless of damages owed by anybody else, and they might well have followed this construction of the charge. The plaintiff sued for $149,331.67 and recovered $30,000 in addition to the $17,500 paid on the covenant. In no way could the trial court determine (without having given proper instructions on the subject) that the jury thought the plaintiff had only been *injured* in the amount of $30,000 rather than finding the liability of Ford Motor Company to be $30,000. Lawyers and judges may understand the law of contribution between joint tortfeasors; a lay jury does not, certainly when it has not been instructed.

11. The judgment and execution shall conform to the verdict. Code Ann. §§ 110-105, 110-106; *Herndon v. Sims,* 7 Ga. App. 675, 676, (67 SE 835); *Adams v. White,* 138 Ga. 306 (5), 310 (75 SE 321). While the court erred in striking the sum of $17,500 from the verdict in rendering judgment, no new trial is necessary and the court is instructed to reinstate the entire judgment of $30,000 in order for the judgment to conform to the verdict.

12. Since the view we have of the case is an affirmance of the judgment on the main appeal, no review of the other enumerated errors on the cross appeal is necessary except as to the reduction of the verdict. Correction of that error requires no new trial.

*Judgment affirmed on the main appeal and on the cross appeal with direction that a judgment be entered in accordance with the verdict of the jury in the amount of $30,000. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 30, 1975 — DECIDED JANUARY 19, 1976 —
REHEARING DENIED FEBRUARY 4, 1976 —

*Lee & Clark, Fred S. Clark,* for appellant.
*Stanley E. Harris, Jr., Joseph B. Bergen,* for appellee.