## 31038. FORD MOTOR COMPANY v. LEE.

NICHOLS, Chief Justice.

This case involves an action for damages in a products liability case. The appellee purchased a new car from a Ford dealer on March 11, 1971. While under warranty the car was returned to the dealer for repairs because of "jumping into gear" and causing the car to move forward when the gear shift was in the "park" position. The dealer returned the car to the appellee stating that nothing could be found wrong. Then on March 10, 1972 the appellee went out on a cold morning to start the car and to let it warm up. When the car started, appellee still had one foot on the ground, and the motor

began to race and jumped into gear causing the injuries sued for. The jury returned a verdict against Ford Motor Company.

This court granted certiorari to review the Court of Appeals' rulings (*Ford Motor Co. v. Lee,* 137 Ga. App. 486 (224 SE2d 168) (1976)) that the manufacturer could be liable in these circumstances and that the trial court was not authorized to reduce the verdict by the amount already paid by the dealer to the appellee for the execution of a covenant not to sue.

1. Ford contends it is not liable in this situation because once the defect has become known and the dealer has failed to make repairs, the proximate cause of the injury is the dealer's failure to repair and not the original defect. Ford relies on *Harley v. General Motors Corp.,* 97 Ga. App. 348 (103 SE2d 191) (1958); and *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). The *Harley* case was decided in 1958 before the amendment to Code § 105-106 imposing strict liability for defective products. Therefore, the holding in that case is not applicable here.

In *Center Chemical Co. v. Parzini,* 234 Ga. 868 (5), supra, it was held: " 'If the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product, he is barred from recovery.' 63 AmJur2d 155, § 150." The question of reasonableness under the facts of this case was for jury determination, especially in view of the dealer's statement that nothing could be found wrong with the vehicle. The Court of Appeals did not err in affirming a jury verdict in favor of the appellee.

2. The remaining question presented is whether the trial court was authorized to write off from the verdict the amount paid the appellee by the dealer. The appellee executed a covenant not to sue in favor of the dealer in return for the payment of $17,500. The dealer was then dismissed as a party defendant. Ford amended its answer, pleading the covenant not to sue, and alleged that it should be credited with the amount paid against any damage found against Ford Motor Company.

The covenant not to sue was admitted into evidence and counsel for both sides agreed on the following request

to charge: "The matter of a payment to the plaintiff of any amount and the dismissal of that party from this action is not a matter for the consideration of the jury. If you find the defendant Ford Motor Company liable in this matter, you are to determine in your enlightened conscience the amount of damages to which the plaintiff would be entitled without consideration of any amount previously paid to the plaintiff."

The trial court reduced the jury verdict by the amount previously paid the plaintiff. The Court of Appeals ordered this amount restored and the judgment conformed to the verdict.

Under the instructions given, the jury was to determine the amount of damages to which the plaintiff would be entitled without consideration of any amount previously paid. This is tantamount to an instruction to find the total amount of damages.

"In 45 Am. Jur. p. 676, § 4, it is stated: 'An injured person can have but one satisfaction for his injuries; and therefore the amount paid by the tortfeasor in whose favor the covenant not to sue was given will be regarded as a satisfaction pro tanto as to the joint tortfeasors.' " *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36, 59 (60 SE2d 770) (1950).

The trial court properly reduced the verdict by the amount previously received by the injured plaintiff from the joint tortfeasor and the Court of Appeals erred in ordering such amount restored to the judgment.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Ingram, J., who dissents.*

ARGUED JUNE 14, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARINGS DENIED SEPTEMBER 27, 1976.

*Lee & Clark, Fred S. Clark,* for appellant.
*Joseph B. Bergen, Stanley E. Harris, Jr.,* for appellee.

INGRAM, Justice, dissenting.

I dissent from the majority opinion as I do not think it follows Georgia law with respect to the "covenant not to

sue" issue in the case. Thus, my disagreement with the majority is addressed only to Division 2 of this court's opinion. The decision of the Court of Appeals on this issue is not discussed in the majority opinion and it should be read to understand the approach taken by the Court of Appeals. I agree with it and would affirm that court's judgment in its entirety.