## 54772. BAILEY v. FOX.

WEBB, Judge.

Ed Fox filed a suit against William P. Bailey as administrator of the estate of Mattie Lou Freeman for labor and work performed for Suttle and Mattie Lou Freeman over a period of 20 years, having a reasonable value of $22,500, none of which, he alleged, he had received.

Count 1 of the complaint, based on an alleged contract to make a deed or will, was abandoned at the close of the plaintiff's evidence. Count 2 of the complaint was founded on an action in quantum meruit. The jury returned a verdict for $15,625 in Fox's favor and the administrator appeals, asserting as error the denial of his motions for directed verdict, for judgment n.o.v., and for new trial.

1. "Ordinarily, where one renders services. . . valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof . . ." Code § 3-107. "Value of services rendered in essence is exclusively a matter for jury determination. [Cits.]" *Pembroke Steel Co. v. Technical Sales Assoc.*, 138 Ga. App. 744, 745 (3) (227 SE2d 491) (1976).

Fox offered seven witnesses who were neighbors and long-time friends of the Freemans and who testified that Fox was employed as a general cattle farm laborer on two farms owned by Mr. and Mrs. Freeman at a time when they were both in good health, but that as their health deteriorated Fox's duties increased and he performed general cattle farm work plus household duties, errands, chauffeur and personal services day and night. He was subject to call on a 24-hour basis seven days a week. The value of such services from 1971 through 1975 varied from $1.75 to $3 an hour. Fox received no pay after Mr. Freeman died in 1971. Mrs. Freeman told many friends that she could not get along without Fox and intended to take care of him; that she was going "to make a will and leave him an heir's part."

From the nature of the services rendered the jury was authorized to find the value to be about $10 a day, which would amount to $3,650 a year or $15,600 for the four-year

period. The evidence was sufficient as to services and value thereof, and the trial court properly overruled the motions.

2. The evidence was likewise sufficient to support a charge on enrichment of the estate. The judge charged fully on all the issues and the words "contract," "implied contract" and "assumpsit" were used and defined throughout the instructions to the jury. The inadvertent use of the word "contract" instead of "implied contract" in the charge complained of did not amount to an expression or intimation of an opinion by the court, and was harmless error.

We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 2, 1977 — DECIDED NOVEMBER 10, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Langford, Pope & Bailey, R. Thomas Pope,* for appellant.

*Chance, Maddox & Jones, Howard Jones, R. F. Chance,* for appellee.