72045. A. P. S. S., INC. v. CLARY & ASSOCIATES, INC.
(342 SE2d 375)

POPE, Judge.

Appellant brings this appeal arguing that the trial court erred in awarding appellee attorney fees. The record shows that appellee sued appellant seeking payment on an open account. Appellant answered, admitting the debt of $6,037.45, and paid the amount of the debt into the registry of the court. After a hearing, the court, sitting as finder of fact, awarded appellee attorney fees in the amount of $375.

1. There is no merit to appellant's argument that the trial court erred in allowing appellee to submit additional evidence after appellee had rested its case. This is within the discretion of the court and will not be disturbed unless abused. *Newman v. Booker & Co.*, 133 Ga. App. 209 (210 SE2d 329) (1974). We find no abuse here.

2. In enumerations of error 2 and 3, appellant argues that the trial court erred in awarding attorney fees without a finding of stubborn and litigious conduct. The record shows that the court found that appellant never disputed the amount owed, but did not pay because it claimed to have not been paid by another. Yet appellant did not communicate this to appellee or respond in any manner to appellee's repeated demands for payment. The court found that this silence caused the appellee the necessity of hiring a lawyer to collect the debt. OCGA § 13-6-11 allows recovery of attorney fees "if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It is only necessary to the plaintiff's recovery that he show any one of these three conditions exists. [Cit.]" *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 395 (224 SE2d 76) (1976).

The trial court found, in effect, that appellant's conduct in regard to the undisputed debt put appellee to unnecessary trouble and expense. Where there is no bona fide controversy, forcing a plaintiff to resort to the courts in order to collect clearly causes that plaintiff unnecessary trouble and expense. *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 524 (191 SE2d 317) (1972). Appellee's attorney wrote appellant on May 16, 1985 demanding payment within ten days and informing appellant that if payment was not made within that period, suit would be filed and attorney fees sought. Appellant ignored the letter and simply made no response. Suit was filed on July 5, 1985. It

was only after suit was filed that appellant offered to pay the undisputed debt. Clearly, the trial court's finding was justified, and clearly appellee was put to unnecessary trouble and expense within the meaning of OCGA § 13-6-11.

Appellant argues that OCGA § 13-6-12 works to prevent recovery of attorney fees in the present case because appellant paid the amount of the debt due into the registry of the court at the time it filed its answer. Appellant misconstrues the effect of that Code section on this case. OCGA § 13-6-12 merely states that costs accruing subsequent to the tender of the amount owed shall not be recovered. The evidence of record regarding attorney fees showed that they were incurred before the amount due was offered and tendered into court. The trial court awarded attorney fees only for that work done before the tender. Therefore, there is no merit in appellant's second and third enumerations.

3. Appellant argues that no attorney fees can be awarded because no value was proved for the services, that instead appellee merely proved what it had paid for the services. The record does not support this argument. The attorney for appellee testified to the amount of time she had put into the preparation and filing of the suit, and the value of her time. The trial court made a finding from the evidence presented that $375 was a reasonable amount for the services performed and thus made the award. An award of attorney fees under OCGA § 13-6-11 is to be affirmed if there is any evidence to support it. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980). The evidence here is sufficient.

4. This case is before us because of appellant's refusal to pay a debt it did not dispute and admitted it owed. As this court noted in *Buffalo Cab Co.*, supra at 525, "[a] defendant without a defense may still gamble on a person's unwillingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing." Thus, appellant was assessed attorney fees in the trial court, a decision which we find to be completely warranted. It is obvious from the record before us that appellant should also have seen the soundness of the trial court's ruling. We find no reasonable basis for the appellant to have anticipated reversal of the trial court's ruling in regard to the award of attorney fees, and thus find the appeal has been taken for delay only. Accordingly, the clerk of this court is directed to enter in the remittitur an award of 10% of the judgment in this case as damages against appellant and in favor of appellee. OCGA § 5-6-6.

*Judgment affirmed with damages. McMurray, P. J., and Carley, J., concur.*

*Joe Perry Redd*, for appellant.
*E. Marguerite Willard*, for appellee.