77863, 77864. PAYNE v. JONES & KOLB et al.
(378 SE2d 467)

DEEN, Presiding Judge.
In 1984, Joseph F. Payne and three other men hired the accounting firm of Jones & Kolb (Jones) and the law firm of David R. Kam &

Associates (Kam) to assist them in setting up a business venture and creating a limited partnership to fund the venture. The partnership was created, but it never did any business. When the accounting and law firms were not paid for their services, Jones and Kam brought lawsuits against the four men for $7,935 and $19,165 plus interest. The suits were consolidated for trial by the court. Prior to trial, the plaintiffs settled with all of the defendants except Payne for $10,000. Jones and Kam continued to seek the full amount claimed for their services against Payne. A jury verdict awarded $2,000 to Jones and $3,915.20 to Kam plus 7 percent interest from July 1, 1985. Appellant filed a motion for a judgment notwithstanding the verdict and for a set-off against the verdict of the amount his co-defendants had paid the plaintiffs in settlement. The motions were denied.

1. The record shows that two of appellant's co-defendants had consent judgments entered against them for $5,000 and $4,500 respectively. The plaintiffs entered into a release and covenant not to enforce judgment with the third co-defendant for a $500 settlement. The release provided that it could not be used or adopted to release Payne from any claims that they were asserting against him in the lawsuit. Payne enumerates as error the trial court's denial of his motion to set-off the amount of the settlement against the jury verdict. Appellant argues that the jury verdict reflects the jury's assessment of the total value of appellees' services and that by dismissing one co-defendant the plaintiff released the remainder.

In *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974), the Supreme Court held: "The dismissal of an action against a defendant with prejudice even when a consideration is paid by such defendant to the dismissing party, does not, as a matter of law, adjudicate all issues in the case. Such a dismissal merely means that the same plaintiff cannot again sue that same defendant on that same cause of action. The dismissal of an action with prejudice against a defendant adjudicates only the non-liability of that defendant to the plaintiff. It does not adjudicate other issues. Such a dismissal is not the equivalent of a judgment rendered in favor of the plaintiff against the defendant, because such a judgment does adjudicate the liability of the defendant to the plaintiff. In short, a judgment of dismissal with prejudice against one defendant is not repugnant to and inconsistent with another judgment rendered in favor of the same complaining party against another defendant on the same cause of action. A dismissal with prejudice against one defendant does not preclude the same plaintiff from bringing the same cause of action against another defendant. The second defendant may be able to prove full satisfaction for the committed tort by the first defendant, but that is a question of fact that cannot be resolved unless the evidence submitted clearly and unequivocally shows full satisfaction by the first defend-

ant."

We find that this rule also applies in a case in quantum meruit as in the instant case. As in *Rowland v. Vickers*, supra at 68, "[s]uch clear and unequivocal evidence is not present in this case." Indeed, the appellant presented no evidence to show appellees were fully compensated by the defendants. Appellees contend, without supporting evidence to be found in the record of transcript, that evidence of other defendants' presence in the case and the amount of the settlement was not presented to the jury because appellant objected to a pretrial motion which sought to present this evidence to the jury.

As to the consent judgments entered against two of the defendants, we note that a judgment rendered in conformance with an agreement to settle is not synonymous with a contested trial. *Blakely v. Couch*, 129 Ga. App. 625, 629 (200 SE2d 493) (1973). A consent judgment "is not a judgment of the court, it is the agreement of the parties, entered upon the record with the sanction and approval of the court, and is their act rather than that of the court. [Cits.]" Black's Law Dictionary, 978 (4th ed. 1968). Such judgments do, of course, bind the parties as fully as other judgments.

We find no error in the trial court's refusal to permit a set-off of the settlement amounts against the jury verdict.

2. It is within the trial court's discretion to permit a plaintiff to submit additional evidence after the plaintiff has rested its case. This discretion will not be disturbed on appeal absent abuse. *A. P. S. S. v. Clary & Assoc.*, 178 Ga. App. 131 (342 SE2d 375) (1986). We find no abuse of the court's discretion.

3. There is no merit in appellant's argument that he was entitled to a judgment notwithstanding the verdict. The value of services rendered by appellants was solely a jury question. *Bailey v. Fox*, 144 Ga. App. 195 (240 SE2d 737) (1977). The plaintiffs offered testimony from expert witnesses as to the time, effort and expenses necessary to establish a limited partnership and also as to the amount of time, manpower, expenses, etc., the plaintiffs actually expended in this case. The testimony also included evidence as to the fees normally charged by others in the legal and accounting community for such services, that the value of their services was reasonable and that the professionals involved performed the services requested by Payne. The evidence was sufficient for the jury to determine the reasonable value of the plaintiffs' services.

4. As appellant raised no objection to improper venue until after the jury verdict was rendered, he waived it. *Vanguard Ins. Co. v. Beasley*, 167 Ga. App. 625 (307 SE2d 56) (1983).

5. Appellant's remaining enumeration of error has been largely addressed in Division 1 above. The release and dismissal of some of the defendants from a lawsuit does not release others from liability

unless it is specifically agreed that the release discharges them. *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987). The release in question stated clearly that the plaintiffs were not releasing their claims against Payne.

*Judgments affirmed. McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Carley, C. J., concurs in the judgment only. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent. The record reveals that David R. Kam & Associates (Kam) and Jones & Kolb (J&K) brought suits against four partners, Payne, Malin, Rivers and Pelt, jointly and severally, to recover for services rendered. The suits were consolidated with plaintiffs seeking a combined sum of $27,090.20. As plaintiffs acknowledge in their brief, both plaintiffs settled with Malin, Rivers and Pelt for an aggregate sum of $10,000. The case proceeded to trial solely against Payne based on the alternate theories of breach of contract and quantum meruit. A review of the transcript reveals that the evidence presented at trial went to the value of *all* services rendered by plaintiffs: no evidence was presented indicating Payne's individual share of the amount due. Further, no evidence was presented to the jury regarding other sums received by plaintiffs nor was any charge given the jury intimating such other payments. The jury returned a verdict in favor of plaintiff Kam for $3,915.20 and in favor of plaintiff J&K for $2,000. The trial court's denial of Payne's motion to reduce the judgment by the amount of payments received by plaintiffs in settlement with Payne's partners is enumerated as error on appeal.

The principle is well established that a plaintiff is entitled to but one satisfaction of the claim. *Ford Motor Co. v. Lee*, 137 Ga. App. 486, 490-491 (10) (224 SE2d 168) (1976), aff'd in part, rev'd in part 237 Ga. 554 (229 SE2d 379). " 'By the weight of authority, . . . since the creditor is entitled to but one satisfaction, no matter how many persons may be bound to render it to him, any payment so made must be credited as against the other co-obligors. . . .' " *Atlantic Coast Line R. Co. v. Ouzts*, 82 Ga. App. 36, 59 (60 SE2d 770) (1950). There is no merit in appellees' argument that this principle is limited only to actions ex delicto. See *City Express Svc. v. Rich's, Inc.*, 148 Ga. App. 123, 125 (4) (250 SE2d 867) (1978). Nor is there any support in the record for appellees' argument that the verdict did not reflect the jury's assessment of the total value of services provided by appellees. Finally, although appellees accurately state that evidence of settlement sums received was presented to the jury in *Ford Motor Co. v. Lee*, 137 Ga. App. at 490, and the jury charged regarding such sums, but see *Ford Motor Co.*, 237 Ga. at 555, no such evidence was presented or charge made to the jury in *Atlantic Coast Line R. Co.*,

supra, in which this court directed that the $4,000 settlement amount be written off the verdict received by the plaintiff therein. Appellees thus fail in their attempt to distinguish the case sub judice from the controlling authority presented in *Ford Motor Co.* and *Atlantic Coast Line R. Co.*, supra, by asserting that the settlement sums they received from appellant's partners cannot be written off the verdict because appellant failed to introduce evidence regarding those sums at trial.

The jury having determined that the services rendered by appellees were worth $5,915.20, rather than the $27,090.20 value claimed by appellees, and appellees having admittedly received a $10,000 aggregate sum from appellant's jointly and severally liable co-defendants, this sum operated as a payment *pro tanto* upon the judgment obtained against appellant. *American Chain &c. Co. v. Brunson*, 157 Ga. App. 833, 837 (278 SE2d 719) (1981). I would therefore reverse the entry of judgment insofar as the trial court's failure to write off from the verdict the amount earlier received by appellees. See *Atlantic Coast Line R. Co.*, supra at 61 (3). However, while appellees do not controvert appellant's computations which indicate the entire verdict against appellant as to both appellees must be completely written off, the record indicates the amounts paid each appellee only insofar as Rivers is concerned. The record reveals that there was no apportionment between appellees in the payment made by Pelt and the record fails to reflect the terms of the settlement made by Malin. Thus, I would set aside the judgment and remand for further hearing by the trial court as to the proportions, the amounts received by appellees, and the proper interest thereon, in order to determine properly the amounts to be written off the verdict.

DECIDED JANUARY 3, 1989 —
REHEARING DENIED JANUARY 27, 1989 — ▆▆▆▆▆▆

*Herbert P. Schlanger*, for appellant.
*Jeffrey A. Bashuk*, for appellees.