A93A2483. BELL et al. v. FORSTER.
(438 SE2d 145)

BLACKBURN, Judge.
The appellee, Scott J. Forster, was one of two attorneys who represented Arthur Bell in an action filed in the Superior Court of Gordon County by Quality Mat, Inc. and Robert Arafe, individually and as sole stockholder of Quality Mat, Inc., against Bell. A counterclaim was apparently filed in this matter although there is no record of same before us.

Appellant Yetta Bell, the mother of Arthur Bell, subsequently intervened in the action. After a jury trial, judgment was entered in favor of the Bells against Quality Mat, Inc. and Robert Arafe in the amount of $225,000 on September 15, 1992. The total judgment plus 12 percent interest was ultimately received by appellants.

Appellants dispute the fees of appellee Forster and those of attorney Benton, although the dispute with Benton is not involved in this appeal.

While there was no written fee agreement between appellants and Forster at the time he was retained, Forster's undisputed testimony shows that he was to be paid $75 per hour for his services in this case, plus expenses. Forster testified that he had received $3,800 in fee payments from appellants as of September 21, 1992. At that time he forwarded a bill to appellants for attorney fees of $18,450 (246 hours @ $75 per hour) plus expenses of $1,137.50, less $3,800, for an account balance of $15,787.50.

Appellants disputed Forster's September 21, 1992 bill. The parties then entered into a written fee settlement agreement whereby Forster would receive 15 percent of sums collected by him toward the judgment, which agreement is quoted during the hearing, but is not a part of the record before us.

Forster thereafter collected the sum of $18,701.07 from a single account of the judgment debtor and received the sum of $2,805.16 therefrom as attorney fees. Additionally, it is undisputed that in February 1993, Forster intercepted and turned over to the sheriff, checks payable to the judgment debtor from its customers totaling $83,143.

In order to satisfy the judgment and to obtain release of the checks intercepted by Forster, the judgment debtor paid the sum of $208,575.79 into the registry of the court and paid the additional

sums of $5,621.72 in interest and $18,728.47 on the principal judgment amount directly to appellants on February 26, 1993. The trial court withheld $15,000 of the sums paid into court until a hearing could be had on the attorney fees liens filed pursuant to OCGA § 15-19-14.

On May 6, 1993, appellants' new counsel requested a continuance of the hearing on the attorney fees dispute, which the court granted until May 20, 1993, with an admonition that the matter would be heard at that time. On May 20, 1993, yet another attorney appeared on behalf of appellants who did not appear, testify or introduce evidence at the hearing.

At the conclusion of the hearing, the transcript reflects that the trial court awarded Forster the sum of 15 percent of $83,143 ($12,471.45), noting that said award was less than that to which appellee would have been entitled under a quantum meruit theory.

1. The Bells initially argue that the trial court erred in granting Forster attorney fees based on quantum meruit. However, contrary to the Bells' contention, the trial court did not award fees to Forster based upon a quantum meruit theory of recovery; rather, the fees were awarded pursuant to the terms of the contingency fee settlement agreement of the parties. Moreover, the transcript does not show that this issue was raised below, and "[i]t is well-settled that enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citation and punctuation omitted.) *Peters v. State*, 206 Ga. App. 143, 145 (2) (424 SE2d 372) (1992). Accordingly, the Bells' first enumeration of error presents nothing for appellate review.

2. Appellants' failure to testify or to present any evidence and their failure to include in the record the subject bills or fee agreement in this matter, leaves no basis for concluding that the trial court erred in any way in this matter. The burden is on the party alleging error to show it affirmatively by the record. *Moye v. State*, 127 Ga. App. 338 (193 SE2d 562) (1972).

We also reject the Bells' argument that the trial court erred in failing to hold as a matter of law that the accounts receivable of Quality Mat, Inc. were not collected. Contrary to the Bells' contentions, Forster was not required to successfully negotiate the checks before he became entitled to attorney fees. The lien attached to all of the proceeds of the accounts receivable recovered through Forster's efforts to secure satisfaction of the judgment. The sums paid into court by the judgment debtor were paid in part to obtain the release of the checks intercepted by Forster. Inasmuch as the contingency which was a condition precedent to Forster's entitlement to the fees had been complied with, the trial court did not err in finding that Forster was entitled to attorney fees based upon 15 percent of the corpora-

tion's accounts receivable that he collected ($83,143). *Boddy Enterprises v. City of Atlanta*, 171 Ga. App. 551, 553 (320 SE2d 374) (1984); see also *Burnette v. Bradley*, 190 Ga. App. 427 (1) (379 SE2d 225) (1989). Accordingly, this enumeration is also without merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Grant, Konvalinka, & Grubbs, John R. Anderson, Carole Y. Lynch*, for appellants.

*Scott J. Forster*, pro se.