## A97A1212. G.I.R. SYSTEMS, INC. v. LANCE.
(491 SE2d 530)

ANDREWS, Chief Judge.

G.I.R. Systems, Inc. (G.I.R.) appeals from the trial court's judgment finding it in contempt of a prior order allowing Grady Lance, a minority shareholder, to inspect G.I.R.'s accounting records. G.I.R. brings nine enumerations of error claiming the court erred in allowing the inspection of equipment and records and also in finding G.I.R. in contempt of the prior order.

This is the second appearance of these parties in our Court. The first case, *G.I.R. Systems v. Lance*, 219 Ga. App. 829 (466 SE2d 597) (1995), arose as the result of a dispute between the majority and minority stockholders in G.I.R. Lance, the minority stockholder and one-time officer and director of G.I.R., and Rehberg, the majority stockholder, president and executive officer, had entered into a stock-purchase agreement in which the shares of G.I.R. stock were valued at $49.15 per share. Lance resigned from the company the next year to set up his own competing business, retaining 30 percent of the stock in G.I.R. Two years later, Rehberg, who held the remaining 70 percent of the stock, voted to lower the value of the stock to $25 a share. Id. at 829.

Lance then requested copies of corporate records under OCGA § 14-2-1602 in order to assess the true value of his stock. When G.I.R. refused to produce some of the records, Lance filed suit asking the court to order G.I.R. to produce them. The trial court granted Lance's motion for summary judgment, and we upheld it on appeal.[1]

Lance then filed this contempt action against G.I.R. for failure to allow him to inspect some of the equipment and for redacting customer invoices to such an extent that the information was meaningless. The trial court ordered G.I.R. to allow Lance's accountant and an expert in evaluating fixed assets to inspect the company's equip-

---

[1] The case was affirmed in part and reversed in part. We found the trial court erred in requiring the corporation to share in the inspection costs incurred by Lance's accountant. *G.I.R.*, supra at 832.

ment. In addition, the trial court ordered G.I.R. to make available any and all invoices to Lance's accountant, with only the customer's name and address redacted. The order also required G.I.R. to pay $1,913.50 in attorney fees. This appeal by G.I.R. followed.

1. In its first enumeration of error, G.I.R. claims the trial court should not have allowed Lance to bring this "Petition for Contempt" as a new action, since it claims the prior case was still open. Pretermitting whether or not G.I.R. can show any harm resulting from the claimed error, nowhere in the record do we find that this issue was ever raised in the trial court. Appellate courts review enumerations for correction of errors of law committed by the trial court. Enumerated errors raised for the first time on appeal present nothing for us to review. See generally *Bell v. Forster*, 211 Ga. App. 76, 77 (438 SE2d 145) (1993).

2. Second, G.I.R. contends the trial court had no authority to order an inspection of the equipment at the plant. We find this enumeration is moot in light of the fact that Rehberg stated at the hearing that he had no problem with Lance's accountant inspecting the equipment.

3. G.I.R. also contends the trial court erred in allowing Lance to inspect the invoices showing the type of product sold. At the hearing, the accountant demonstrated that it was necessary to know which product was selling for how much in order to determine the business's profitability. G.I.R. claims that this information is proprietary as a trade secret.

The testimony at the hearing was that the information redacted was the denier (size) and the ply (strands) of the yarn being sold. After exhaustive testimony on this issue, the trial court found this information was not proprietary and was not being sought for any improper purpose.

OCGA § 14-2-1604 allows for a court-ordered inspection by a shareholder of the corporation's records if: (1) the shareholder's demand is made in good faith, for a proper purpose; (2) he describes with reasonable particularity his purpose and the records he desires to inspect; (3) the records are directly connected with his purpose; and (4) the records are to be used only for the stated purpose. OCGA §§ 14-2-1604; 14-2-1602.

"The common law right of a shareholder to inspect the books and records of the company has long been recognized in Georgia. While the statutory language is frequently enlarged over that of its common law ancestry it also places much discretion in the trial judge to determine whether the purpose named is a proper one. . . ." (Citations omitted.) *Riser v. Genuine Parts Co.*, 150 Ga. App. 502, 505 (258 SE2d 184) (1979). After reviewing the record and transcript, we find no abuse of discretion in the trial judge's determination that Lance

be allowed to look at G.I.R.'s invoices with only the name and address of the customer redacted.

4. Next, G.I.R. claims the trial court erred in finding that it wilfully redacted and concealed information. It argues the information redacted would not have been helpful in determining the value of the stock.

"The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply). If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." (Citations and punctuation omitted.) *Warehouse Carpet Sales &c. v. S.C.J. Assoc.*, 170 Ga. App. 352, 353 (2) (317 SE2d 328) (1984).

As discussed above, the information redacted was the denier and ply of the yarn. Lance's accountant testified that the invoices were meaningless without this information. Accordingly, we find no abuse of discretion in the trial judge's determination that G.I.R. wilfully redacted and concealed information on the invoices.

5. G.I.R. also contends the trial court erred when it found it had wilfully refused to allow Lance to inspect the equipment. In its previous order, the trial court ordered G.I.R. to allow inspection of its "accounting records that would be available for an audit engagement, in compliance with the American Institute of Certified Public Accountants statement on auditing standards. . . ." Also, that "Defendant be allowed to redact, or otherwise conceal or remove information contained in these records that reflect customer lists, product design information, or other confidential information used to maintain Defendant's competition in the market, provided that no information in these records regarding money spent, earned, invested, or otherwise handled, that may reflect on the valuation of Plaintiff's shares, be concealed. . . ."

As to G.I.R.'s claim that the language in the order was not sufficiently certain to allow the court to find them in contempt for refusing to allow inspection of equipment, we agree. Nowhere in the order does the court mention inspection of equipment, only inspection of accounting records. Therefore, the order was not sufficiently definite and certain. *Warehouse Carpet*, supra at 353. Accordingly, the trial court erred in finding G.I.R. in contempt of its prior order for refusing to allow inspection of the equipment.

6. Next, G.I.R. claims the trial court did not allow G.I.R. to cross-examine Lance's expert witness with the treatise the expert used as

the basis for his testimony. The document complained of is a page from the book of Standards of the American Institute of Certified Public Accountants. The CPA hired by Lance to inspect G.I.R.'s records and assets testified that these standards allow the accountant to inspect and verify "the physical existence of the assets." G.I.R. objected to the introduction into evidence of just one page and argued that Lance must submit the whole book.

But, G.I.R. can show no harm as a result of the trial court's not requiring Lance to submit the whole document as evidence. G.I.R. seems to be claiming it had no notice and, therefore, was unable to question the accountant with the whole book. But, G.I.R. does not say how having the whole book would have helped. It cites to no sections in the book which would be relevant to the issue and which it was unable to use because of the court's ruling.

Moreover, G.I.R. cannot claim that it was not on notice of the existence of the document because the trial court stated in its previous order that "[the court orders] Plaintiff's agent, an independent, certified public accountant, be allowed to inspect Defendant's accounting records that would be available for an audit engagement, in compliance with the American Institute of Certified Public Accountants statement on auditing standards. . . ." Moreover, Lance notified G.I.R. that he was relying on this document in a letter written in an attempt to resolve the dispute prior to the court hearing. We find no error.

7. G.I.R. next claims the court had no authority to award attorney fees in a contempt action. We disagree. In *Minor v. Minor*, 257 Ga. 706, 709 (362 SE2d 208) (1987), the Supreme Court of Georgia held that the prohibition against awarding attorney fees, if it existed at all, was limited to actions for *criminal* contempt. Where authority exists, and there is no prohibition, attorney fees may be awarded in a contempt action. Id.

OCGA § 13-6-11 allows for the award of attorney fees where the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. A trial court's award of attorney fees under this Code section is to be affirmed if there is any evidence to support it. *A.P.S.S., Inc. v. Clary & Assoc.*, 178 Ga. App. 131 (342 SE2d 375) (1986).

In this case, as discussed above, there was evidence from which the trial court could find that G.I.R. had acted in bad faith, been stubbornly litigious, and caused the plaintiff unnecessary trouble and expense by not providing the information ordered.

As to G.I.R.'s contention that Lance's counsel failed to show that the expenses incurred were reasonable, G.I.R. does not point to, and we are unable to find, where any objection was raised below as to the amount or the reasonableness of the fees. Accordingly, this enumera-

tion of error is without merit. *Bell v. Forster*, supra at 77.

8. As G.I.R.'s last enumeration of error is unsupported by any argument, citation to the record or showing of harm, we do not address it.

*Judgment affirmed in part and reversed in part. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 2, 1997 — ▮▮▮▮▮▮▮▮

*John T. Longino*, for appellant.
*Minor, Bell & Neal, Stephen B. Farrow*, for appellee.