A99A2333. INFINITY INSURANCE COMPANY v. MARTIN.
(524 SE2d 294)

McMURRAY, Presiding Judge.

Appellee-plaintiff Mary Martin brought suit against appellant-defendant Infinity Insurance Company seeking damages and OCGA § 13-6-11 expenses of litigation and attorney fees arising out of alleged fraud in the sale and cancellation of her automobile liability insurance policy. The record reflects that Martin applied for the Infinity insurance policy of which she complains through Ragan Insurance Agency, Inc. ("Ragan") in Columbus. Martin made application for automobile liability insurance coverage for the period 9:00 a.m., February 17, 1997, through 12:01 a.m., August 17, 1997. In

doing so, she paid $246 and placed her signature under language which authorized Infinity to "order consumer reports or personal or privileged information concerning character, general reputation, personal characteristics, driving record, loss history, and mode of living." Such language also authorized Infinity to "charge the correct rates" and to cancel the policy for "non-payment of premium based on the correct premium developed." After receiving Martin's application, Infinity adjusted her insurance premium upward on two occasions. In the first of these, Infinity charged Martin an additional $84 upon its discovery that she did not have a major credit card and, in the second, another $87 for failure to provide proof of six months prior insurance.

Martin paid the first premium increase not knowing that it included a $6 installment fee in that Infinity had not advised her by declaration or otherwise that this fee was included in the total. Further, neither Infinity's application for insurance nor its first revised declaration of insurance notified Martin that her payment was to be made not later than a date certain. When the payment was untimely made, Infinity assessed a $5 late fee against Martin. She did not pay the second premium increase for failure to provide the required proof of prior insurance, maintaining that she had not received notice of it. In this regard, however, the evidence establishes that Martin did provide Ragan a declaration page from her prior insurance and that Ragan accepted it without telling her that it was inadequate.

On July 7, 1997, Infinity canceled Martin's insurance for nonpayment of its second increase of her premium. On August 25, 1997, eight days after her insurance would have expired in the regular course of events, she was ticketed for failing to have proof of insurance, an offense for which she paid a fine of $288.25.

The trial court entered judgment on the jury's verdict for Martin and against Infinity, awarding her damages of $2,500 for fraud, $72.98 for conversion, and $9,000 for attorney fees and expenses of litigation. In two enumerations of error on appeal, Infinity contends the trial court erred: (1) in denying its motion for directed verdict as to Martin's claims for fraud and conversion, and (2) in denying its motion for directed verdict upon Martin's claim for attorney fees and expenses of litigation under OCGA § 13-6-11. *Held*:

1. The trial court properly denied Infinity's motion for directed verdict as to Martin's claims for fraud and conversion.

> A trial court should grant a motion for directed verdict "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). When determining whether any conflict in the evi-

dence exists, the trial court "must construe the evidence most favorably to the party opposing the motion for directed verdict." *Southern R. Co. v. Lawson*, 256 Ga. 798, 799 (1) (a) (353 SE2d 491) (1987). "The standard used to review the grant or denial of a directed verdict is the 'any evidence' test. (Cit.)" *Skelton v. Skelton*, 251 Ga. 631, 633 (4) (308 SE2d 838) (1983).

*Thurmond v. Saffo*, 238 Ga. App. 687 (520 SE2d 43).

Viewed in this light, the evidence at trial showed that Infinity failed to inform Martin that not having a major credit card might warrant an upward adjustment of her insurance premium by the application for insurance she signed, subsequent declarations of insurance issued her, or otherwise. Further, the evidence adduced at trial showed that through Ragan, Infinity in part induced Martin's application for insurance by accepting her offer of proof of prior insurance, though later finding fault with it in justifying the second increase of her insurance premium. Moreover, there was evidence that Infinity did not advise Martin of the installment fee or the late fee it assessed against her by its application for insurance or first revised declaration of insurance. In this regard, there also was evidence that she would have been entitled to a refund of $72.98 had Infinity canceled her insurance using her insurance premium as first adjusted upon her knowledge rather than as last adjusted purportedly without it.

The evidence in this case supported resolution by a jury of the fraud issue. In this regard, Infinity argues its entitlement to the grant of a directed verdict in that there is no evidence that it made any false statement in its dealings with Martin, and, in any event, she cannot prove damages for having been ticketed for driving without proof of insurance after the policy would have expired by its terms even had it not been earlier canceled. See *Jones v. Cartee*, 227 Ga. App. 401, 405 (2) (489 SE2d 141) (false representation and damage to the plaintiff constitute elements of fraud in addition to scienter, intention to induce plaintiff to act or refrain from acting, and justifiable reliance by plaintiff). Infinity correctly points out that Martin's fine is not, and cannot, be an item of damages supporting her fraud claim. The fine was incurred after the insurance policy would have expired in any event and in the absence of Infinity's promise of renewal. We, nonetheless, are not persuaded that Infinity is here entitled to the grant of directed verdict.

Fraud is not committed by wilful misrepresentation alone but in this regard "is subtle and can be accomplished in an infinite number of ways including signs and tricks and even, in some instances, by silence. [Cits.]" *Stanford v. Otto Niederer & Sons, Inc.*, 178 Ga. App.

56, 57-58 (1) (341 SE2d 892). That Infinity gave Martin no reasonable indication that her failure to have a major credit card might result in an increase of her insurance premium; that it gave her no notice of the installment and late fees assessed against her; and that Ragan, acting for Infinity, accepted the proof of prior insurance which she provided upon its request as sufficient constituted evidence upon which the jury could have found misrepresentation by silence by Infinity as well as damages to Martin incident thereto. At best, Infinity's silence in writing and in the context of a one-on-one interview was ambiguous as to these matters. "Except in plain and indisputable cases, questions of fraud and whether a plaintiff could have protected [herself] through the exercise of ordinary diligence are . . . for a jury. [Cit.]" *Lester v. Bird*, 200 Ga. App. 335, 338 (1) (408 SE2d 147).

To establish conversion as to the funds not refunded to her, Martin needed to prove that Infinity wrongfully asserted an act of dominion over her personal property inconsistent with her property rights therein. *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 261 (1) (356 SE2d 877). Infinity, however, has abandoned the instant enumeration of error in this respect for failure to make specific reference to the record, argument, or citation of authority. Court of Appeals Rule 27 (c) (2); see *Alternative Health Care Systems v. McCown*, 237 Ga. App. 355 (1) (514 SE2d 691). As a result, the judgment of the trial court stands as conclusive of Infinity's liability for conversion in this action. *Ga. Building Svcs. v. Perry*, 193 Ga. App. 288, 299 (6) (387 SE2d 898); OCGA § 9-11-60 (h). Accordingly, we conclude this claim of error to be without merit. *Thurmond v. Saffo*, 238 Ga. App. 687, supra.

2. We are likewise not inclined to set aside the jury's award of attorney fees and litigation costs under OCGA § 13-6-11. *G.I.R. Systems v. Lance*, 228 Ga. App. 329, 332 (7) (491 SE2d 530) ("A trial court's award of attorney fees under [OCGA § 13-6-11] is to be affirmed if there is any evidence to support it. *A. P. S. S., Inc. v. Clary & Assoc.*, 178 Ga. App. 131 (342 SE2d 375) (1986)."). The award of damages for the intentional tort of conversion alone is sufficient to support Martin's claim for expenses under the "bad faith" prong of OCGA § 13-6-11. *Bibb Distrib. Co. v. Stewart*, 238 Ga. App. 650, 657 (9) (519 SE2d 455). Infinity's liability for conversion is not in issue for the reasons set out above. Accordingly, this claim of error is also without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 1, 1999.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Blair K.*

*Cleveland*, for appellant.
*Kenneth M. Henson, Jr.*, for appellee.