## A03A1900. MULLINS v. WALKER TOOL & MANUFACTURING, INC.
### (592 SE2d 107)

PHIPPS, Judge.

Kenneth Mullins sued Walker Tool & Manufacturing, Inc. in the Superior Court of Jasper County, claiming that Walker Tool acted as a joint tortfeasor with Karl-Heinz Herrmann in converting property belonging to Mullins. Walker Tool filed a third-party complaint against Herrmann (as well as a counterclaim and cross-claim). After Mullins instituted other litigation against Herrmann in the Superior Court of Clayton County and in a Virginia state court, Mullins and Herrmann entered into a settlement and released each other from all claims. Mullins appeals the superior court's award of summary judgment to Walker Tool on his complaint and its denial of summary judgment to him on Walker Tool's counterclaim.

There are two questions for decision: (1) whether Mullins's settlement with and release of Herrmann precludes Mullins's recovery of damages against Walker Tool in this case; and (2) whether Walker Tool and Herrmann entered into an agreement releasing Mullins from liability on Walker Tool's counterclaim. The superior court answered the first question in the affirmative and the second question in the negative. Answering both questions in the negative, we reverse the award of summary judgment to Walker Tool on Mullins's complaint but affirm the denial of summary judgment to Mullins on the counterclaim.

Mullins (a resident of Clayton County) and Herrmann (a resident of the state of Virginia) engaged in a joint venture for commercial development of a liquid filtration device known as the "Poseidon." They conducted the enterprise under the name HK Technologies (HKT). Herrmann agreed to furnish the technological expertise needed to manufacture a prototype of the device, and Mullins agreed to fund production. Walker Tool, operator of a machine shop in Jasper County, agreed to construct the prototype. Mullins paid money to Walker Tool and furnished equipment and material at a total cost or value of $35,500. Herrmann later advised Walker Tool that differences had arisen between him and Mullins and that the Poseidon could not be removed from the machine shop until those differences were resolved. Unbeknownst to Mullins, Walker Tool subsequently delivered the Poseidon to Herrmann after Herrmann paid $10,000 to Walker Tool and orally agreed to pay a balance that Walker Tool claims it is due for production of the device.

Mullins later instituted this action against Walker Tool for conversion of the Poseidon and breach of contract. Initially, Mullins sought recovery either of the device itself or of compensatory damages consisting of the $35,500 he had incurred in production

expenses. Walker Tool answered and asserted as one of its defenses that the action is not being prosecuted in the name of the real party in interest, HKT. In the third-party complaint, Walker Tool sought indemnification from Herrmann for any damages for which it might be held liable to Mullins. In its counterclaim against Mullins and in its cross-claim against Herrmann, Walker Tool sought to collect $17,266.27 as the balance due for its work in manufacturing the Poseidon prototype. Mullins later amended his complaint to seek recovery of a total of $45,500 in damages against Herrmann and Walker Tool for money he had spent in development of the Poseidon prototype.

In a separate complaint against Herrmann in the Clayton Superior Court, Mullins sought to recover a total of $50,500 in damages for expenses he had incurred in development of the Poseidon. Mullins also charged Herrmann with breach of a settlement agreement requiring Herrmann to pay Mullins $50,000, to satisfy the balance due Walker Tool for production of the Poseidon prototype and to obtain Walker Tool's release of Mullins from any additional liability. In the Clayton County action, Herrmann denied breach of the settlement agreement, and he filed a counterclaim alleging that the agreement had required Mullins to pay Walker Tool and that Mullins had breached the agreement by failing to do so.

Mullins and HKT later sued Herrmann and others in a state court in Virginia. Walker Tool was not named as a defendant in the Virginia action. In that suit, Mullins alleged that Herrmann improperly severed the HKT partnership, causing him damages consisting of the money he had spent for development of the Poseidon. Mullins also claimed that Herrmann's and the other defendants' appropriation of the Poseidon to their own use had deprived him of a valuable economic right for which he was entitled to at least $500,000 in compensatory damages. Mullins also requested equitable relief.

Mullins and HKT entered into a settlement of all litigation against Herrmann and related defendants. Under a "settlement agreement and general release," Herrmann and Mullins released and discharged each other and their representatives, successors, and assigns from any and all claims of any and every kind or nature whatsoever. In consideration, Mullins acknowledged that all intellectual property rights concerning the Poseidon are owned individually by Herrmann, and Herrmann executed a $75,000 promissory note in favor of Mullins. The agreement, however, further provided that "the dismissal of the claims by [Walker Tool] in [the Jasper County, Georgia] lawsuit is not required by this agreement, and is not a condition precedent or subsequent to any party's performance under this agreement."

In this suit, Walker Tool moved for summary judgment on Mullins's complaint, and Mullins moved to dismiss Walker Tool's counterclaim. The trial court treated the motion to dismiss as a motion for summary judgment and entered orders granting Walker Tool's motion for summary judgment and denying Mullins's motion.

1. Did the court err in awarding summary judgment to Walker Tool on Mullins's complaint?

In arguing that the court did not err in this regard, Walker Tool claims that under *Pennsylvania Threshermen &c. Ins. Co. v. Hill*,[1] the release executed by Mullins operates to bar his claim against Walker Tool. Walker Tool's reliance on *Pennsylvania Threshermen* is misplaced, as the rule set forth in that case has been changed. That rule was that "if the injured party gives a *release*, upon a valuable consideration whether amounting to full compensation or not — the cause of action is surrendered, and since there is only one cause of action, all joint tortfeasors are released."[2] In *Knight v. Lowery*,[3] our Supreme Court adopted the rule that a release of one tortfeasor is not effective as a release of another tortfeasor, who is not a joint tortfeasor, unless all damages owed by both tortfeasors are paid in full or the parties intended to release both tortfeasors.[4] In *Posey v. Med. Center-West*,[5] our Supreme Court abandoned the rule of *Pennsylvania Threshermen* concerning joint tortfeasors and held, in line with *Knight v. Lowery*,[6] that a valid release of one joint tortfeasor does not release other joint tortfeasors unless it is agreed that it will discharge them or the plaintiff has received full compensation for his injuries.[7]

Although in the settlement agreement Mullins did release Herrmann from the claim sued on here, unquestionably he did not intend the alleged joint tortfeasor Walker Tool to be released. Consequently, under *Posey*, Walker Tool has not been released. In this suit, Walker Tool may however plead and prove Mullins's settlement of his other suits with Herrmann.[8] And evidence of the settlement agreement may entitle Walker Tool to indemnification from Herrmann for any sums Walker Tool is required to pay Mullins. Moreover, under *Posey*, Walker Tool may attempt " 'to prove full satisfaction for the committed tort by [Herrmann], but that is a question of fact that cannot be

---

[1] 113 Ga. App. 283 (148 SE2d 83) (1966).

[2] (Footnote omitted; emphasis in original.) Id. at 288 (1).

[3] 228 Ga. 452 (185 SE2d 915) (1971), rev'd on other grounds, *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 482 (265 SE2d 779) (1980).

[4] *Knight v. Lowery*, supra at 456 (1).

[5] 257 Ga. 55 (354 SE2d 417) (1987).

[6] Supra.

[7] *Weaver v. Ross*, 192 Ga. App. 568, 570 (2) (386 SE2d 43) (1989).

[8] See *Payne v. Jones & Kolb*, 190 Ga. App. 62, 63-64 (1) (378 SE2d 467) (1989).

resolved unless the evidence submitted clearly and unequivocally shows full satisfaction. . . .' "[9]

In reliance on *Gilmore v. Fulton-DeKalb Hosp. Auth.*,[10] Walker Tool argues that, as a matter of law, Mullins received full compensation from Herrmann for the damages he seeks. Finding this case more analogous to *Maxey v. Hosp. Auth. of Gwinnett County*[11] than to *Gilmore*, we disagree.

The plaintiff in *Gilmore* brought an action for the wrongful death of her daughter in a collision, alleging that the negligence of the driver of a car was the sole proximate cause of death. The plaintiff obtained a judgment against the driver. After fully satisfying the judgment, she brought an action against the hospital which had treated her daughter after the collision alleging that the hospital's negligence was the sole proximate cause of her daughter's death. The defendants in the two suits were not joint tortfeasors, because "[t]he first tortfeasor, the driver of the car, is responsible for all the injuries, including any aggravation by malpractice, if any; but the second tortfeasor[ ], the . . . hospital, [is] only liable for [its] aggravation of the original injuries."[12] Thus, the court in *Gilmore* found the (now abolished) rule set forth in *Pennsylvania Threshermen* inapposite. Nonetheless, *Gilmore* held that the second suit was barred under the rule that "where a suit has been prosecuted to judgment, or a satisfaction obtained, the plaintiff cannot bring a second action the prosecution of which amounts to disproving the facts the party relied upon in establishing the first."[13] Although there was no essential repugnancy between the plaintiff's first and second actions, the court in *Gilmore* found a repugnancy in the theories underlying the actions in that the plaintiff had alleged in each case that the defendant involved was solely responsible for the full value of the decedent's life. Because that might well have been true as to the liability of the defendant in the first action, and because the plaintiff obtained full satisfaction of her claim for the full value of the decedent's life in the first action, *Gilmore* held that the second action was barred.

The plaintiff in *Maxey* was struck by a car and suffered injuries resulting in the amputation of her left leg. She sued the driver of the car but later settled with him. She later sued the hospital and doctor for malpractice which she claimed resulted in the loss of her leg. As in *Gilmore*, the defendants in the two suits were not joint tortfeasors and could be held liable for discrete damage elements. Therefore, the

---

[9] Id., citing *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974).

[10] 132 Ga. App. 879 (209 SE2d 676) (1974).

[11] Supra.

[12] Id. at 481.

[13] *Gilmore*, supra at 883.

suits, in and of themselves, were held not to be contradictory or mutually exclusive.

Here, Walker Tool and Herrmann were joint tortfeasors with respect to only one of multiple claims asserted by Mullins in his other suits against Herrmann. Consequently, like in *Maxey* but unlike in *Gilmore*, Mullins's settlement of his other suits against Herrmann did not necessarily result in satisfaction of the claim sued on here. Therefore, Walker Tool was not entitled to summary judgment on Mullins's complaint.

2. Did the trial court err in denying Mullins's motion for summary judgment on Walker Tool's counterclaim?

Mullins says yes based on the claim that Herrmann and Walker Tool entered into a written agreement under which Walker Tool delivered the Poseidon prototype to Herrmann and released Mullins from all responsibility for additional payments for Walker Tool's services in consideration of Herrmann assuming all responsibility for the balance due on HKT's account. The record, however, shows that although Walker Tool signed the agreement to release Mullins if Herrmann would assume all responsibility to Walker Tool for the additional payments, Herrmann never signed the agreement because of disagreements with Mullins as to who was responsible for paying Walker Tool. Although Walker Tool has presented evidence that it delivered the Poseidon to Herrmann after he made a $10,000 payment and orally agreed to satisfy the remaining balance, Walker Tool seeks to recover the balance due from Herrmann (as well as Mullins) based on their membership in the HKT joint venture. Walker Tool has not sought to show that Herrmann agreed to be substituted as debtor in consideration of Walker Tool's delivery of the Poseidon to him. Thus, the superior court did not err in denying summary judgment to Mullins on Walker Tool's counterclaim.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 24, 2003 —
RECONSIDERATION DENIED DECEMBER 15, 2003 — 

*William H. Turner, Jr.*, for appellant.
*Greer & Turner, W. Dan Greer*, for appellee.