## A06A0062. FOLDS v. BARBER.
(632 SE2d 403)

MILLER, Judge.

The Superior Court of Clayton County held Carolyn Folds in wilful contempt for failing to comply with a court order that sought to resolve a property dispute between Folds and her former boyfriend, Donald Barber. To purge the contempt, the trial court ordered her to, among other things, pay Barber approximately $8,000, which represented both mortgage arrearages and one-half of the homeowners' association fees for the property. Folds appeals, claiming that the prior court order did not provide definitive and certain language requiring her to continue to make mortgage payments or to pay for homeowners' association fees. Since we find that the trial court did

not abuse its discretion in finding that Folds failed to comply with its previous order, we affirm.

The record reveals that Folds and Barber shared a residence in Clayton County. When their relationship soured, litigation ensued regarding ownership of the residence. In a Temporary Order issued in January 2003, the Superior Court of Clayton County granted Folds the right to occupy the residence and ordered her to send mortgage payments directly to Barber. Folds was also ordered to pay for the utilities and ordered not to alter the residence until the litigation was resolved.

In June 2003, the trial court entered a Final Order, in which it directed Folds and Barber to have the residence appraised. The court granted Folds an option to purchase Barber's interest in the property within 45 days following the appraisal, and it granted Barber a similar right to buy if Folds did not exercise her option. If neither party chose to purchase the other party's interest in the residence, it would be sold on the open market, with the proceeds apportioned between them. The trial court also awarded certain items of personal property contained in the residence to Barber.

In December 2004, Barber filed a Motion for Contempt, claiming that Folds had failed to allow the residence to be appraised, had refused to make available the personal property awarded to him, and had failed to send mortgage payments to him while she was occupying the premises.

In April 2005, the trial court found Folds in wilful contempt of its Final Order and required her to purge her contempt by paying Barber approximately $8,000 to cover mortgage arrearages and half of the homeowners' association fees for the property. Folds was granted 30 days to admit the appraiser to the residence and to provide Barber with the personal property previously awarded to him. The trial court also awarded Barber $1,000 in attorney fees.

Folds claims that the Final Order did not contain clear and definitive language requiring her to continue to make mortgage payments or to pay for half of the homeowners' association fee. As a result, she argues, the trial court erred in holding her in contempt. We disagree.

"The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful." (Citation and punctuation omitted.) *G.I.R. Systems v. Lance*, 228 Ga. App. 329, 331 (4) (491 SE2d 530) (1997). "The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." (Citation and punctuation omitted.) *In re Earle*, 248 Ga. App. 355, 357 (1) (a) (545 SE2d 405) (2001).

Therefore, if there is any evidence to support the trial court's determination that a party has wilfully disobeyed its order, the court's finding of contempt will be affirmed on appeal. See *G.I.R. Systems,* supra, 228 Ga. App. 331 (4).

Here, evidence supported the trial court's finding that Folds was in wilful contempt of the June 2003 Final Order. Despite its clear instruction that Folds allow an appraisal of the residence and provide Barber with certain personal items, Folds instead prevented the appraisal from being conducted and failed to provide Barber with the personal items for the 18 months following the entry of the Final Order.

The trial court also did not abuse its discretion by providing that Folds could purge her contempt by paying the mortgage arrearages and half of the homeowners' association fees. The January 2003 Temporary Order granted Folds sole possession of the residence pending its sale, required that she send Barber the mortgage payments during such time, and further required her to maintain the premises and pay all utilities. Regardless of whether the June 2003 Final Order reiterated Folds' continued duty to make such payments pending the sale of the home, Folds had been notified of these requirements in the trial court's previous order. See *Kaufmann v. Kaufmann,* 246 Ga. 266, 269 (3) (271 SE2d 175) (1980) (holding that "[t]he trial court has the power to see that there be compliance with the intent and spirit of its decrees[,] and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party") (citation and punctuation omitted). The trial court did not abuse its discretion in directing that Folds could purge her contempt by making the payments that she had previously been ordered to make by the court.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006 —
RECONSIDERATION DENIED JUNE 9, 2006 — 

*Sexton, Key & Hendrix, Joseph S. Key,* for appellant.
*Randall L. Keen,* for appellee.